KERLEE ET AL., APPELLANTS, *v.* SMITH, RESPONDENT.

(No. 3,149.)

(Submitted June 18, 1912.   Decided June 22, 1912.)

[124 Pac. 777.]

*Homestead—Estates—Life Estates—Alienation—Abandonment.*

Homestead—Life Estate—Alienation.
   1.   A homestead set apart for the use of a surviving wife constitutes a life estate which may be alienated.
Life Estates—Alienation.
   2.   The right given by section 4518, Revised Codes, to the owner of a life estate to use the land in the same manner as the owner of a fee simple, includes the right of alienation, which is one of 'the rights inherent in the ownership of the fee.
Same—Homestead—Alienation—Abandonment.
   3.   In the absence of legislation to that effect, alienation of a homestead granted to a surviving wife does not constitute an abandonment of it.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

ACTION by Myra Kerlee and another against James F. Smith. From a judgment for defendant, plaintiffs appeal. Affirmed.

*Mr. J. E. Shoudy,* for Appellants, submitted a brief and argued the cause orally.

In behalf of Respondent, *Messrs. Baker & Kurtz,* submitted a brief; *Mr. Kurtz* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in ejectment. On February 7, 1898, Albert Freeman died intestate in Ravalli county. Among the assets of his estate were lots 8 and 9 in block 16 in the town of Hamilton, with a building thereon known as the "Cottage Hotel." He left surviving him, as his only heirs at law, Martha A. Freeman, his widow, Egbert Freeman, a son by a prior marriage, and the plaintiffs, Myra Kerlee, *née* Myra Sherrill, and George F. Sherrill, children of a daughter by the prior marriage. At the time of Freeman's death the plaintiffs were minors. They are now *sui juris.* Pending the administration, Egbert Freeman died intestate, leaving no direct heirs. Subsequently, on May 24, 1899, the court, upon application of the widow, set apart to her as a homestead the lots and building referred to. Upon final distribution of the estate it was decreed that the widow was entitled, as heir, to an undivided one-third interest in the premises, and the plaintiffs to an undivided two-thirds, subject to the homestead right of the widow. The widow occupied the premises until October 4, 1910. On that date she conveyed to the defendant, by warranty deed, her undivided one-third interest, together with her homestead right, under the designation of her "life estate * * * in the whole of said premises," together with the appurtenances, rents, issues, and profits thereof. The defendant entered immediately into possession and has ever since enjoyed the use and occupation of the whole property, to the exclusion of plaintiffs. The purpose of this action is to obtain a judgment awarding to them the possession of their undivided two-thirds interest, and for damages for the alleged wrongful withholding thereof by the defendant since entering into possession. The court sustained a general demurrer to the complaint and awarded defendant judgment for costs. The plaintiffs have appealed. Their contention is that by her conveyance the widow abandoned her homestead right, and that the plaintiffs imme-

diately became entitled to enter with the defendant, as his co-tenants.

The order of the court setting aside the homestead was authorized by section 2581 of the Code of 1895 (Rev. Codes, sec. 7509), and the character of the right acquired by the widow depended upon the provisions of section 2584 (Rev. Codes, sec. 7512). The latter section declares: "When property is set apart for the use of the family, in accordance with the provisions of this Chapter, if the decedent left a widow or surviving husband, and no minor child, such property is the property of the widow or surviving husband. If the decedent left also a minor child or children, the one-half of such property shall belong to the widow or surviving husband, and the remainder to the child, or in equal shares to the children, if there be more than one. If there be no widow or surviving husband, the whole belongs to the minor child or children. If the property set apart be a homestead, selected from the separate property of the deceased, the court or judge can only set it apart for a limited period, to be designated in the order, which shall be a life estate to husband or wife, and the title vests in the heirs of the deceased, subject to such order."

Prior to the enactment of the Codes of 1895, the fee of the homestead set apart by the probate court, if there were no children, vested in the surviving widow or husband. If the deceased left a minor child or children, it vested in the surviving widow or husband and the minor child or children in equal moieties. Otherwise it vested in the child, or, if there were more than one child, in them all as tenants in common in equal shares. (Comp. Stats. 1887, Div. 2, sec. 137; *Bullerdick* v. *Hermsmeyer,* 32 Mont. 541, 81 Pac. 334.) This was the result whether the property belonged to the separate estate of the decedent or not, because the statute so provided. Under the section quoted *supra,* when the property set apart is selected from the separate estate of the decedent, it can be set apart for a limited period only, to be designated in the order, "which shall be a life estate to the husband or wife"; the title vesting in the heirs of the deceased, subject to the order. It will be observed that the purpose of the

legislature in enacting the later statute was to preserve to the heirs of the decedent the fee of the real property belonging to his separate estate, but subject to a life estate carved out of it [1] in favor of the surviving husband or wife. Thus the latter is vested with a life estate in the whole property, which may be alienated as could be the fee under the old statute. This conclusion is made necessary by giving force to other provisions of the Code. A "life estate" is an estate of freehold. (Rev. Codes, sec. 4485.) It was so defined by the Civil Code of 1895 (Civ. Code, sec. 1214). Section 1229 of the Civil Code, brought forward into the Revised Codes as section 4500, declares: "When a remainder of an estate for life or for years is not limited on a contingency defeating or avoiding such precedent estate, it is to be deemed intended to take effect only on the death of the first taker, or the expiration by lapse of time, of such term of years." If these provisions are to be construed according to their obvious meaning, the life estate vesting in the surviving husband or wife, under the order of the district court by the authority conferred by section 7509, subject to no other contingency than that prescribed in section 7512, then it is determinable only by the death of the surviving husband or wife, and the remainder interest takes effect as of that date, and not earlier. "The owner of a life estate may use the land in the same manner as the owner [2] of a fee simple, except that he must do no act to the injury of the inheritance." (Civ. Code 1895, sec. 1270; Rev. Codes, sec. 4518.) This includes the right of alienation, for it is one of the rights inherent in the ownership of the fee. (16 Cyc. 636.)

But counsel for defendant says that the purpose and spirit of the homestead laws is to provide a home for the surviving hus-[3] band or widow and the minor children; that the governing principle is that the right continues in favor of any one of the family for whom it is created, as long as he or she asserts it and remains in possession of it; and that, when the occupation of it for this purpose ceases, the right ceases. He contends that, though the statute *supra* authorizes the court to carve out of the fee a life estate and set it apart as a homestead, the general purpose of the

law requires the object of its beneficence to retain possession of the property so set apart, at the peril of losing the right so bestowed. To sustain his position he relies upon section 4700 of the Revised Codes (Civil Code 1895, sec. 1676), which declares: "A homestead can be abandoned only by a declaration of abandonment, or a grant thereof, executed and acknowledged: (1) By the husband and wife, if the claimant is married. (2) By the claimant if unmarried." He also cites some cases from California which, he insists, support his contention. We shall not undertake an analysis of these decisions. The provision of the California Code corresponding to the section of our Code, *supra,* which designates the character of right bestowed upon the surviving husband or wife (Cal. Code Civ. Proc., sec. 1474), does not contain any reference to a life estate, and therefore the construction given it by the California court does not furnish any aid in the ascertainment of the meaning of our own provision. Whatever may be the effect of the last provision quoted, it merely provides the method by which the homestead may be abandoned, without declaring that the grant of it operates as an abandonment of it by the grantor.

Since the life estate of Martha A. Freeman vested without condition by way of contingency, the remainder interest, though it vested at once in the plaintiffs, cannot take effect under the provision found in section 4500 of the Revised Codes, *supra,* until her death. For we think that if the legislature had intended to make the life estate subject to be terminated by a grant by the beneficiary, it would have said so in specific terms and not left the right described, as it is, by an expression having a well-defined meaning, to depend upon a construction of the various sections of the Code which are in some respects indefinite and incongruous. It may be that the grant of the homestead selected in accordance with the provisions found in other sections of the Code (Rev. Codes, secs. 4719–4722) constitutes an abandonment of it. The question whether this is the result does not arise in this case. We think Martha A. Freeman was vested with a life estate not limited upon any contingency, and that the remainder,

vested in the plaintiffs, will not take effect until her death.   The exclusive possession of the defendant or his grantees will therefore lawfully continue until her death.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.