No. 9242-9243.

GUNTER, ET AL., *v.* WALPOLE, ET AL.

1. PRECEDENT—*Effect.* Every judicial opinion is to be read in the light of the particular facts which the record presents.

2. MANDAMUS—*When Allowed.* The writ issues to an officer only when there is a clear legal right in the petitioner, and a clear legal duty to act on the part of the officer. The State Land Board offered for public sale only the surface of certain lands, reserving the mineral. This reservation was without authority of law. The application of the purchaser for mandamus to compel the conveyance both of the surface, and all below the surface, was denied, upon the ground that the State Land Board being without authority to sell the mere surface, the whole transaction was void.

3. EQUITY—*Cancellation of Contract.* An instrument void upon its face is harmless. Judicial cancellation is not necessary.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

Hon. LESLIE E. HUBBARD, Attorney General; Mr. FRANCIS E. BOUCK, Deputy Attorney General; Mr. WENDELL STEPHENS, for plaintiffs in error.

Mr. N. WALTER DIXON, Mr. FLOYD F. WALPOLE, Mr. THOMAS J. DIXON, Mr. NORTON MONTGOMERY, for defendants in error.

Mr. L. J. STARK, *Amicus Curiae.*

Mr. Justice Bailey delivered the opinion of the court.

THE trial court issued its writ of mandamus against the plaintiffs in error, who are the Governor, the Secretary of State, the State Board of Land Commissioners, and the Register thereof, to compel the execution and delivery to defendant in Error Kirchof, in compliance with section 5185, Revised Statutes of Colorado, a patent for certain lands in Weld County. A similar writ was directed to the same respondants commanding the issuance of a patent for certain other school lands to defendant in error Walpole, Collins and Dixon.

The two cases are alike in all substantial respects, they were tried together in the court below, and have been briefed, argued and submitted together here. The State Land sale whereon both causes of action are based was held on November 3rd, 1909, and is the same one which was incidently involved in the case of *Walpole v. State Board of Land Commissioners*, 62 Colo. 554, 163 Pac. 849. In one of the two cases before us the purchaser was Kirchof, in the other Walpole, under whom Collins and Dixon claim by partial assignments of his certificate of purchase. For the sake of brevity we treat the two cases as one, and therefore use the term "purchaser" to denote Kirchof and Walpole interchangeably.

In the notice of sale, as well as in the certificate of purchase later issued, there had been inserted by the State Board a reservation of the minerals in and under the land. This is set out in full in the opinion in the Walpole case, *supra*. We held in the Walpole case that under the then existing law the State Board had no power to effect a separation of the surface from the lands offered for sale, by reserving or excepting the minerals from such lands, and the board was therefore enjoined from granting a lease upon the minerals attempted to be so reserved or excepted, which was the sole matter there in issue or determined. Notwithstanding the contention now made by the purchaser to the contrary, this court intended to, and did, refrain in that case from defining the exact status of the sale and

from finally determining the ultimate effect of the certificate of purchase should its validity be questioned by the State. Under a familiar rule the opinion there must be read to limit its expressions to the particular facts involved and to the point actually decided.

The reservation having been declared void, the question now is whether the sale itself can support the claim of the purchaser that he is entitled to exact by mandamus an absolute, unconditional patent, conveying not only the portion of the lands offered and bid for, that is, the lands without minerals, or in other words, the surface, but also the minerals below the surface. The purchaser has formally tendered the unpaid balance of the amount bid at the sale and has kept the tender good.

A mandamus writ cannot lawfully issue against an officer unless there is a clear legal right in the petitioner, and when a clear legal duty to act exists on the part of the officer proceeded against, and the writ will be effectual as a remedy. *People ex rel. v. Butler*, 24 Colo. 401, 404.

It is plausibly and forcibly argued on behalf of the purchaser that he has a contract with the State entitling him to a patent, the execution of which, under the official duty alleged to be thereby cast upon plaintiffs in error, can properly be compelled by mandamus. Authorities are cited by the purchaser which bear upon rights under private contracts and upon their enforcement. It is contended that by its legislation concerning State land sales the State has voluntarily subjected itself to the same rules of law as applied to private contractual dealings, and the implied inference is that this mandamus proceeding is equivalent to a suit for specific performance.

In its specified relief the remedy invoked in mandamus here may doubtless be considered, as the purchaser suggests, similar to an equity suit for specific performance, which latter usually involves the enforcement of purely private contract rights, while mandamus generally has for its object the performance of obligations arising out of an

official station or from such as are specifically imposed by law upon an officer. 19 Am. & Eng. Enc. Law, p. 722. (II. 8 e.)

If in this case the purchaser as petitioner in mandamus had any right, and the respondant officers had any duty, it could only be because the law in relation to State land sales, when applied to the facts before us, would impose such duty upon the officers, in favor of the purchaser, under what might be likened to a contract between the purchaser and the State, but existing only by virtue of a sale in substantial compliance with the law. Had the supposed contract been between private parties, however, and had the subject matter of the contract been something which under the law could not be sold, then a court of equity would not be justified in decreeing that a subject matter different from the one agreed upon be conveyed in lieu thereof, since the court may not make a new contract for the parties when they have failed to make a valid one themselves. Neither can the extraordinary remedy of mandamus be properly invoked for a similar purpose.

It is undisputed that what was offered for sale by the State Land Board was the surface only. That is all the purchaser bid for. We cannot say, as a matter of law, that the amount offered by the successful bidder, in the circumstances is the same as would have been paid if the land had been offered for sale in its entirety, undiminished by reservations or exceptions. There being no authority, in the absence of an enabling or validating statute, to sell the subject matter agreed upon by the State Board and the purchaser, it necessarily follows that there has been no valid sale or contract of sale upon which the purchaser can predicate a "clear legal right" in himself or a "clear legal duty" on the part of the officers. The transaction lacked compliance with substantial requirements in official procedure. It therefore was wanting in a feature which is as essential for mandamus purposes as for purposes of specific performance, namely, the "meeting of the minds" always a prime requisite to make an effectual contract.

The record shows conclusively that the lands for which patent is sought were not sold at public sale, according to the terms of the statute, inasmuch as what was purported to be offered and struck off to the purchaser was only the surface and consequently something incapable of being conveyed under the law as it then stood. There having been a failure to comply with substantial requirements by the State Board of Land Commissioners, the alleged sale is impotent for the purpose of affirmative judicial relief, and the granting of the writ of mandamus was erroneous.

After the decision in the Walpole case the State Board adopted an *ex parte* resolution declaring a cancellation of the certificate of purchase and providing for the refunding of moneys paid by the purchaser on account of the sale. The right of the board to do this is denied, and the question is argued at length on behalf of the purchaser, but under the view we have taken of the case the question becomes immaterial and need not be determined.

Attention is directed to the fact that the certificate, cancellation of which is complained of, plainly shows on its face the illegal subject matter of sale, which we consider conclusive against the position of the purchaser. Even if a certificate of purchase issued by the State Land Board be such an instrument as under some conditions would be a proper subject for cancellation in equity, a point which it is unnecessary now to decide, nevertheless it must be concluded that an instrument void on its face does not require cancellation by a court to render it harmless. 2 Black on Rescission and Cancellation, Sec. 651.

The judgment of the district court is reversed and the cases remanded with directions to dismiss the proceedings.

Decision *en banc*.

Mr. Justice Garrigues dissents.

Decided May 6, A. D. 1918. Rehearing denied December 2, A. D. 1918.