## No. 9771.

CRONK v. SHOUP, as Governor of the state of Colorado, ET AL.

Decided March 7, 1921.  Rehearing denied May 2, 1921.

Action in mandamus to compel the state board of land commissioners to issue a patent for state land. Demurrer to writ sustained and proceedings dismissed.

*Affirmed.*

1. STATE LANDS—*Powers of Board—Sales—Reservations.* The state board of land commissioners has power under the law, to convey the fee title in state lands, no more, and no less.

   A right to receive a royalty for coal mined on the land sold may be reserved without destroying the fee.

   But a certificate of sale containing a provision that "No assignment of the said coal right shall be valid without the consent and approval of the board," conveys title less than the fee, and is one the board had no power to grant.

2.     *Validating Act.* Sec. 18. chap. 134, S. L. 1917, p. 496, validating reservations in certificates of purchase of state and school lands, applies to reservations of "rights to minerals," and has

no application to reservations affecting the right of the purchaser to exercise exclusive control over the land.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Messrs. PERKINS & PERKINS, for plaintiff in error.

Mr. VICTOR E. KEYES, Attorney General, Mr. CHARLES ROACH, Deputy, Mr. FREDERICK D. ANDERSON, for defendants in error.

Messrs. DEVINE & PRESTON, *Amici Curiae.*

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

MARCH 3, 1909, the State Board of Land Commissioners (hereinafter referred to as "The Board") sold 160 acres of state land to the plaintiff in error, who, having complied with the terms of his certificate of purchase by making all the required payments, demanded a patent, which defendants in error refused. Complaint was thereupon filed, alternative writ of mandamus issued, demurrer thereto for want of facts sustained, and the proceedings dismissed. To review that judgment plaintiff brings error.

The certificate in question contains the following clause:

"Reserving, however, to the State of Colorado, a perpetual royalty of ten cents (10 cts.) per ton mine run upon all coal mined and put upon sale from the said lands, it being understood that when said last mentioned coal is mined, the mining and monthly royalty statements are to be made under the direction and supervision of the State Board of Land Commissioners, the same as is usual in coal leases obtained from the said board and that no assignment of the said coal right shall be valid without the consent and approval of the said board."

The defendants (none of whom were in office at the time of the sale in question) contend that the board was without power to make the sale evidenced by this certificate.

The board in November 1909, made a sale and issued

a certificate to one Walpole which excepted minerals and a surface easement for their extraction. Walpole sought to enjoin the board from leasing to a third person mineral rights in the land covered by his certificate. We held there (January 1917) that the board had power under the law to sell the fee, no more no less, hence its exception of mineral rights was void.

A fee is "an estate the owner of which may exercise an exclusive control of against all others."

"Until authority is given to sell less, like surface rights, or other partial interest, it (the board) may not do so." *Walpole v. State Land Board,* 62 Colo. 554, 163 Pac. 848.

About 60 days after that decision the General Assembly passed what we shall hereafter refer to as the "Validating Act" authorizing an exception of mineral rights in later sales and further providing as follows:

"All patents and certificates of purchase on state or school lands heretofore issued and in which a reservation of rights to minerals, ores and metals of any kind or character whatsoever or coal, asphaltum, oil, gas and other like substances has been made, are hereby validated; *provided,* that the holders of such certificates of purchase or the owners of said lands so patented shall by contract, deed or other agreement acknowledge or reconvey to the State the minerals and substances so reserved, and the State Board of Land Commissioners is hereby authorized to accept on behalf of the State such deeds and conveyances and to make such agreements as may be necessary to carry out the provisions of this act." Sec. 18, chap. 134, Laws 1917, p. 496.

Thereafter Walpole, fortified with the decision in *Walpole v. State Board, supra,* and basing his action on the same sale and certificate, brought mandamus to compel the issuance to him of a patent conveying the fee to the property in question. In that case we held (September 1918) that the parties having made a void contract the court was without power to make for them a valid one in lieu thereof; that the certificate was void on its face and

hence required no cancellation by a court to render it harmless. *Gunter et al. v. Walpole et al.*, 65 Colo. 234, 176 Pac. 290.

But two questions are presented in the instant case which we find it necessary to determine.

1. Was the sale here of less than the fee? If not it is valid and patent for the fee must issue.

2. If for less is it within the terms of the validating act? If not it is void under the authorities above cited.

1. There is in this sale no exemption of an estate. There is merely a reservation of, or stipulation for, a royalty of ten cents per ton for coal mined and sold. Plaintiff is not obliged to mine or sell, but if he does he must pay the State accordingly. Such a rent or royalty may be reserved without destroying the fee. Such reservations are recognized and upheld in this country. 20 Cyc. 1370, 1372.

How is the grant of a fee affected by the provision that "no assignment of the said coal right shall be valid without the consent and approval of the board?"

Whatever may be said of this limitation on alienation as being in violation of the rule against perpetuities it is at least valid, if within the power of the board, for the life of the grantee.

"The right of alienation * * * is one of the rights inherent in the ownership of the fee." *Kerlee et al. v. Smith*, 46 Mont. 19, 124 Pac. 777, 778.

The law does not permit restraints to be imposed upon the alienation of an estate in fee simple.

"It is a well established principle that where an estate in fee simple is granted, a condition that the grantee shall not alien the land is void." *De Peyster v. Michael*, 6 N. Y. 467-492, 57 Am. Dec. 470.

This is true where the grantor had the power to impose the condition, as in the case of a private owner in fee. But as the board has no such power the parties have made a void contract and the court will not make for them a valid one in lieu thereof. *Gunter et al. v. Walpole et al., supra.*

The reservation against alienation of the estate granted

in this case made of it one the owner of which may not exercise an exclusive control against all others. The estate is therefore less than a fee and one which the board had no power to grant. *Walpole v. State Board, supra.*

2.   The validating act relates only to those sales containing "a reservation of *rights to minerals.*" The certificate before us contains no such reservation. We think it clear that this certificate and sale are not within the terms of that act. They are therefore void as beyond the power of the board. The judgment is accordingly affirmed.

,   MR. CHIEF JUSTICE SCOTT not participating.