## DRISCOLL et al. v. STATE BOARD OF LAND COMMISSIONERS OF COLORADO et al.

Circuit Court of Appeals, Eighth Circuit.
December 2, 1927.

No. 7817.

1. **Courts** ⚖➡299(3)—Allegation of invalidity of state statute and of impairment of contract, not part of cause of action, held not to give federal court jurisdiction (C. L. Colo. § 1171; Const. U. S. art. I, § 10, cl. 1).

Allegation in bill of invalidity of state statute (C. L. Colo. § 1171), as impairing obligation of contracts, *held* not a part of the cause of action, and not to give a federal court jurisdiction of the cause, as one arising under the Constitution of the United States (article 1, § 10, cl. 1).

2. **Public lands** ⚖➡54(9)—Bill held not to state cause of action to require issuance of patent to school land without mineral reservation.

A bill alleging that complainant purchased state school land at a public sale, received a certificate which reserved the mineral rights, and completed payment in 13 annual installments, *held* not to state a cause of action to require issuance of patent without the reservation, on the ground that it was unauthorized by law; it not appearing that he did not know of the reservation when he made the purchase, and did not receive all he bid and paid for.

Appeal from the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Suit in equity by William Driscoll and Thomas Driscoll against the State Board of Land Commissioners of Colorado and another. Decree for defendants, and complainants appeal. Affirmed.

Edwin H. Park, of Denver, Colo. (Richard Peete, of Denver, Colo., and Gooding & Monson, of Steamboat Springs, Colo., on the brief), for appellants.

Otto Friedrichs, Asst. Atty. Gen. (William L. Boatright, Atty. Gen., and Charles Roach, Deputy Atty. Gen., on the brief), for appellee State Board of Land Commissioners of Colorado.

Paul P. Prosser, of Denver, Colo. (Edward M. Freeman, of Denver, Colo., on the brief), for appellee Texas Production Co.

Before LEWIS, Circuit Judge, and POLLOCK and SCOTT, District Judges.

LEWIS, Circuit Judge. Appellants hold a certificate of purchase of 228.9 acres of Indemnity School Lands, which were ceded to the State of Colorado by Act of Congress. It appears from the bill that these lands were sold by the State at public auction to William Driscoll as the highest bidder therefor, in February, 1912, in consideration of his bid of $1503.60, to be made in annual payments. Pursuant to his bid the certificate of purchase was issued to him, signed by the Governor and register of the State Board of Land Commissioners. The certificate of purchase and a schedule showing times of payments attached thereto were filed with the complaint as exhibits, which show that the last payment on the bid was made in December, 1925. Driscoll then demanded of the board a patent conveying said lands to him and his co-plaintiff, to whom it is alleged an

interest in said certificate and lands had been assigned by the purchaser. It is charged in the bill that the board refused and still refuses to issue the 'patent, except upon the condition precedent that plaintiffs quit-claim and convey to the State of Colorado all minerals, ores and metals of every kind and character in or under said lands, with the right of ingress and egress for the purpose of mining, together with enough of the surface that may be necessary for the proper and convenient mining of such minerals. It is further alleged that after said certificate of purchase was issued the State board executed and delivered to appellee Texas Production Company an oil and gas lease on said lands, and that it has installed an oil-drilling rig thereon and is drilling said lands for oil and gas. The certificate of purchase contains a reservation to the State of Colorado of all rights to any and all minerals, ores and metals of every kind and character, and all coal, asphaltum, oil and other mineral substances in or under said land, and the right of ingress and egress for the purpose of mining thereon and for the convenient removal of such minerals.

[1] The purpose of the suit, as expressed in the bill, is to have the reservation in the certificate of purchase, and the oil lease granted after its issuance, adjudged void, to compel the issuance of a patent to the plaintiffs without conveyance by them to the State of the mineral rights so reserved, to enjoin operation under the lease, and for such other relief as in equity plaintiffs may be entitled to.

The State Board of Land Commissioners is provided for in the State Constitution, and its duties and powers are prescribed by the State Legislature. It has been the uniform holding of the Colorado supreme court that the board must keep strictly within its statutory powers and that it can do no more and no less than it is expressly authorized to do. At the time Driscoll made his purchase and received his certificate the board was without power to sell or convey any interest in State lands other or less than the fee simple title, the statute so providing. Walpole v. State Board, 62 Colo. 554, 163 P. 848. It is, therefore, the claim of appellants that the reservation in the certificate of purchase is void.

The refusal of the board to issue the patent except on condition that Driscoll convey to the State all minerals, ores and metals under the lands was based, as the bill alleges, on a legislative Act passed after Driscoll's purchase and shortly after the decision in the Walpole Case, supra. Session Laws 1917, p. 485, § 18. This statute was re-enacted in 1919 (Laws 1919, p. 647, § 18) and is found as section 1171, Comp. Laws Colo. 1921.

There is no diverse citizenship. Jurisdiction is claimed on the ground that the Act of 1917, and its re-enactment in 1919, impairs the obligation of the contract of purchase. That statute, so far as material, reads thus:

"All patents and certificates of purchase on State or school lands heretofore issued and in which a reservation of rights to minerals, ores and metals of any kind or character whatsoever, or coal, asphaltum, oil, gas and other like substances has been made, are hereby validated: Provided, that the holders of such certificates of purchase or the owners of said lands so patented shall by contract, deed or other agreement acknowledge or reconvey to the State the minerals and substances so reserved, and the State Board of Land Commissioners is hereby authorized to accept on behalf of the State such deeds and conveyances and to make such agreements as may be necessary to carry out the provisions of this Act."

This is the law on which the board is alleged to have relied in refusing to issue a patent except on the conditions named. We think it was not necessary for appellants, in stating their case, to challenge this statute as a law impairing the obligation of appellants' contract in violation of the Constitution of the United States. Under the law of the State as it stood at the time of purchase and issuance of the certificate the reservation clause inserted in the certificate was void. Walpole's Case, supra. The allegations in the bill relative to subsequent legislation were in anticipation or avoidance of the defense which it was thought the defendants would interpose. The State Board had no right or authority to sell the land on the condition named in the reservation at the time of Driscoll's purchase and the issuance of the certificate to him. The subsequent enactments were purely defensive, and it not being necessary for plaintiffs in their bill to challenge their validity, its allegations in relation thereto were no part of the cause of action. Louisville & Nashville R. R. Co. v. Motley, 211 U. S. 149, 29 S. Ct. 42, 53 L. Ed. 126; Taylor v. Anderson, 234 U. S. 74, 34 S. Ct. 724, 58 L. Ed. 1218. Moreover, on authority of the cases hereinafter cited, the legislative Act did not impair the obligation of Driscoll's contract of purchase, it validated his void contract. Plaintiffs' case, therefore, is not

one arising under the Constitution or a law of the United States, in the sense of the jurisdictional statute. This was one of the grounds of the demurrer filed by each defendant, which was by the court sustained. The court did not err in that ruling.

[2] If this view of the case be sound we have no occasion to consider the merits of the complaint, which was also challenged by the demurrer, and what we might say concerning the merits would be dictum; but we observe that the supreme court of the State in the later cases of Gunter v. Walpole, 65 Colo. 234, 176 P. 290, and Cronk v. Shoup, 70 Colo. 71, 197 P. 756, held that the whole contract, as evidenced by the certificate of purchase containing the reservation clause, was a void agreement, the board being without authority at the time the certificate was issued to make a contract with such a reservation. The purchaser was charged with knowledge that the board had no such authority. There is no allegation in the bill that the purchaser objected and protested the insertion of the reservation clause in his certificate of purchase, nor that he did not know that it had been inserted, nor is it alleged that the advertisement of sale exposed for sale the whole title. So far as appears from the bill, Driscoll bid for only the surface rights, he held the certificate with the reservation clause in it and continued to make payments on it over a period of thirteen years, and a court of equity will not decree that he is entitled to more than he purchased and more than he contracted for. Assuming we are in error on the subject of jurisdiction there is no merit in the suit on the facts disclosed by the bill.

Affirmed.