No. 12,417.

Driscoll et al. v. State of Colorado, Acting Through Its State Board of Land Commissioners, and Texas Production Company.

(297 Pac. 989)

Decided March 2, 1931. Rehearing denied March 23, 1931.

Mr. Edwin H. Park, Messrs. Gooding & Monson, for plaintiffs in error.

Mr. Robert E. Winbourn, Attorney General, Mr. E. J. Plunkett, Assistant, Mr. Paul Prosser, Mr. Edward M. Freeman, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties are hereinafter respectively referred to as the Driscolls, the board, and the company.

The board sold state land to the Driscolls, reserving mineral rights, and thereafter gave the company an oil and gas lease on the reserved estate. The board and the company brought this action to enjoin the Driscolls from interfering with the reserved estate and the rights of the lessee. By answer and cross-complaint the Driscolls claimed title in fee simple and demanded that same be quieted in them. General demurrers to this answer and cross-complaint were sustained. The Driscolls elected to stand, and to review the judgment thereupon entered against them they prosecute this writ.

The notice of sale and certificate of purchase here in question each contained the mineral reservation. The latter was issued March 17, 1913, and the last payment thereunder was due February 7, 1930. The board's oil lease to the company was dated June 25, 1926. Prior thereto all deferred payments had been made on the certificate and William Driscoll had conveyed an undivided one-half interest in his title to Thomas Driscoll.

In 1912 and 1913 the board had authority to sell and convey fee title to the land in question, but nothing less. Hence this sale was invalid when made. *Walpole v. State Board of Land Commissioners,* 62 Colo. 554, 163 Pac. 848.

In 1917 the general assembly passed an act validating prior unauthorized sales of surface rights only of state lands. S. L. 1917, p. 496, c. 134, §18.

One who had theretofore bought surface rights only

was held not entitled to a patent to the fee. *Gunter v. Walpole,* 65 Colo. 234, 176 Pac. 290.

In 1919 said act of 1917 was repealed and another passed containing the same validating section. S. L. 1919, p. 648, c. 187, §18 (C. L. 1921, p. 477, §1171).

In an opinion in case No. 12,671, announced by this Court February 24, 1931, we sustained these validating acts. In that case authorities are cited and quoted and the reason for our conclusion stated. It would be superfluous to repeat those here. That case should be read in connection with this. *Miller v. Limon National Bank,* 88 Colo. 373, 296 Pac. 796.

 This sale of surface rights only, being in all respects as valid and binding as if duly authorized by statute when made, other questions here presented and argued require no notice.

In its complaint herein the board said: "No patent affecting said lands has been heretofore granted to defendants, but that the State Board of Land Commissioners is willing, and hereby offers, to issue to defendants a patent of said lands containing a reservation identical with the reservation contained in said certificate of purchase."

After an acceptance of, or an offer to accept, this tender, the board, by leave of court and over the objection of the Driscolls, amended it to read as follows: "That no patent affecting said lands has been heretofore granted to defendants, but that the State Board of Land Commissioners is willing, and hereby offers, to approve and direct the issuance to defendants by the proper officials of the State of Colorado of a patent of said lands containing a reservation identical with the reservation contained in said certificate of purchase, * * * and otherwise conforming to said certificate of purchase, upon defendant Thomas Driscoll furnishing due evidence of his interest, upon the surrender by said defendants of said certificate of purchase, and upon said defendants expressly acknowledging or reconveying to the State of

Colorado the minerals and substances so reserved by said reservation in accordance with said Section 1171.'' (C. L. 1921.)

██ The surrender of the certificate of purchase always was, and is, one of the statutory requirements necessary to be complied with before the issuance of patent, and hence must be complied with in this case. The board alleges, and the Driscolls admit, the conveyance to Thomas of an undivided one-half interest in the title obtained by William under his certificate of purchase by the board. It would therefore appear that no additional evidence of the interest of Thomas is necessary. The qualification that the Driscolls acknowledge or reconvey to the state the minerals, etc., is in conformity to the so-called ''proviso'' of said section 1171, which proviso we have discussed in *Miller v. Limon National Bank, supra*. Therein we held that portion of the proviso meaningless and ineffective. Having received no mineral rights from the state, there is nothing of that nature for the Driscolls to acknowledge or reconvey. They bought surface rights only. Their contract therefor has been validated by the state. They have paid for what they bought and are entitled to their patent upon complying with the valid portion of the statute.

The judgment is affirmed.

MR. JUSTICE CAMPBELL not participating.