FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**May 4, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

DAVID MINDOCK; ASPEN GLADE,
LTD., a Colorado limited liability
company,

     Plaintiffs - Appellees,

and

MATTHEW J. BRUFF,

     Involuntary-Plaintiff - Appellee,

v.

CHRISTINA J. BRUFF DUMARS,

     Defendant - Appellant.

No. 20-1236
(D.C. No. 1:18-CV-03240-RBJ)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Colorado law voids any conditions restraining alienation of a fee simple estate.

Cronk v. Shoup, 197 P. 756, 757 (Colo. 1921).  In a series of deeds, grandparents

deeded interests in a family cabin to their two grandchildren, as joint tenants with

rights of survivorship, and two children, as tenants in common.  In the deed

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

conveying the grandchildren's interests, the grandparents included a restrictive condition prohibiting either grandchild from alienating the property without the other's written consent. The grandson, along with one of the tenants in common, sought a declaration that the restrictive condition is void and unenforceable. Over the granddaughter's objections, the district court obliged. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

In the 1960s Stephen and June Mindock ("the grantors") bought land in Blue River, Colorado and built a family cabin. They had three children—Peter Mindock ("Peter"), David Mindock ("David"), and Stephanie Williams ("Stephanie")—and in 1987, conveyed interests in the cabin by quitclaim deeds to Peter and David. The 1987 quitclaim deeds granted Peter and David equal 15/64 interests as tenants in common and reserved a life estate in the grantors.

In 2007, the grantors conveyed by warranty deed ("2007 deed") their remaining 34/64 interest to Stephanie's children—Matthew Bruff ("Matthew") and Christina Bruff DuMars ("Christina")—as joint tenants with right of survivorship. The 2007 deed included the following restrictive condition ("restrictive condition"):

> If either Joint Tenant, without the written consent of the other, attempts to: a) partition the property, or b) convert this joint tenancy into a tenancy in common with respect to any interest conveyed by this Warranty Deed or other interest in the Property currently owned or subsequently acquired by such Joint Tenant, then the Property shall, by operation of law, revert to the other Joint Tenant in fee simple immediately without requirement of judicial intervention or further legal conveyance.

2

After the grantors' deaths, Matthew formed Aspen Glade Ltd., a Colorado limited liability company. Peter then transferred his 15/64 interest by quitclaim deed to Aspen Glade. Following Peter's conveyance, the property is owned as follows: Christina and Matthew own an undivided 34/64 as joint tenants with right of survivorship; Aspen Glade owns an undivided 15/64 as a tenant in common; and David owns an undivided 15/64 as a tenant in common.

David and Aspen Glade (collectively, the "Original Plaintiffs") sued Christina and Matthew seeking a declaration that the 2007 deed's restrictive condition constituted an unreasonable, and thus void, restraint on alienation. Christina removed to federal court and sought to dismiss arguing that Original Plaintiffs lacked standing and the applicable statute of limitations had run. She also moved to dismiss Matthew or realign him as an involuntary plaintiff. Matthew agreed to realignment and the district court, under joint stipulation, added him as an involuntary plaintiff to the original complaint.

Christina then filed a counterclaim alleging Matthew violated the restrictive condition by acquiring Peter's interest through Aspen Glade. So, she argued, Matthew's joint tenancy interest reverted to her. Matthew moved to dismiss Christina's counterclaim arguing that the restrictive condition presented an unreasonable restraint on alienation and was void at its inception. So, he argued, Christina could not enforce the restrictive condition or use it as the basis for a counterclaim.

With briefing on the counterclaim pending, Christina moved for summary judgment on Plaintiffs' complaint arguing that the applicable statute of limitations barred their claim. In December 2019, the district court entered an order ("2019 order") finding the restrictive condition to be an unreasonable restraint on alienation and granting Matthew's motion to dismiss Christina's counterclaim. The 2019 order also denied Christina's motion for summary judgment, finding that neither limitations period she cited applied.

Plaintiffs then moved for entry of judgment arguing that the district court's order dismissing Christina's counterclaim answered, as a matter of law, the merits question. In 2020, over Christina's objection, the district court issued a final substantive order on pending motions ("2020 order"). In the 2020 order, the district court noted that Matthew's standing as an involuntary plaintiff mooted Christina's arguments that Original Plaintiffs lacked standing. It reasoned that even if the Original Plaintiffs lacked standing, "such a finding would not bar the complaint's requested declaratory relief." The district court also found that, because the restrictive condition was void at its inception, it had no legal effect and no statute of limitations applied. Christina appealed.

## II.

Christina makes four claims on appeal: (1) Plaintiffs lack standing to sue; (2) Matthew is an indispensable party and is not a party to this appeal; (3) the 2007 deed's restrictive condition does not pose an unreasonable restraint on alienation; and (4) the applicable statute of limitations bars Plaintiffs' claims. We address each

claim in turn and affirm the district court. Because this case arises out of diversity, we apply Colorado substantive law to the latter two issues. Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir. 1994) (citation omitted) ("A federal court sitting in diversity applies the substantive law . . . of the forum state.")

A.

We review de novo whether a plaintiff has standing. Collins v. Daniels, 916 F.3d 1302, 1311 (10th Cir. 2019).

Christina first claims the Original Plaintiffs lack standing. She concedes that Matthew has standing but argues that his standing does not save Plaintiffs' request for declaratory relief.[1] Analyzing the procedural posture of this case, we conclude that no standing issues precluded the district court from entering declaratory judgment and therefore affirm.

Whether the Original Plaintiffs had standing makes no difference because the district court did not reach the merits issue on Plaintiffs' complaint—it reached the merits on Christina's compulsory counterclaim. To best understand this distinction, we must examine the procedural posture of the case below. First, the Original Plaintiffs sued Christina and Matthew requesting that the district court declare the

---

[1] One party's standing does not automatically confer standing on others. See Phelps v. Hamilton, 122 F.3d 1309, 1316 (10th Cir. 1997) ("The essence of the standing doctrine is that each plaintiff must allege a personal injury . . . ."); Collins v. Daniels, 916 F.3d 1302, 1312 (10th Cir. 2019) ("Each plaintiff must have standing to seek each form of relief in each claim." (quotation omitted)). But Christina admits Matthew has standing. And for the reasons explained below, the district court permissibly reached the merits and entered declaratory judgment based on Christina's standing to bring a counterclaim.

restrictive condition unreasonable and thus void.  Christina then moved, under

Federal Rule of Civil Procedure 21, to realign Matthew as a party plaintiff.[2]  She

argued that, as the managing member of Aspen Glade, Matthew acted as a plaintiff.

His dual role, she argued, evidenced that he had "no intention of defending the 2007

Deed clause."  In the interest of judicial efficiency, Matthew agreed the district court

could realign him as an involuntary plaintiff.  So the district court amended the

Original Plaintiffs' complaint to include Matthew as an involuntary plaintiff.  See

ROA V. I at 290–291 ("Matthew J. Bruff is added as an Involuntary Plaintiff to the

Complaint for Declaratory Relief filed by Aspen Glade, Ltd. and David Mindock and

his name shall be added to the caption of the case as an Involuntary Plaintiff in all

future filings in this case.").

Christina then filed a counterclaim against Matthew, alleging he violated the

2007 deed's restrictive condition by acquiring Peter's interest through Aspen Glade.

And Matthew moved to dismiss Christina's counterclaim, arguing the restrictive

condition constituted an unreasonable restraint on alienation making it void and

---

[2] Rule 21 provides, in part, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  And Rule 15(a) "governs the addition of a party."  United States ex rel. Precision Co. v. Koch Indus., Inc., 31 F.3d 1015, 1018 (10th Cir. 1994).  "[W]here the parties have sought leave of court, there is no conflict between Rule 15(a) and Rule 21."  Id. at 1018 n.5. (citing 6 Charles A. Wright et al., Federal Practice and Procedure § 1474, at 544 (2d ed. 1990)).  So "the same basic standard for adding or dropping a party will apply whether the pleader moves under Rule 15(a) or Rule 21."  6 Charles A. Wright et al., Federal Practice and Procedure § 1474 (3d ed. 2021).  Although the district court did not add Matthew under Rule 15, we find Rule 15's guidance—on whether the change relates back to the original pleading—instructive in our analysis below.

unenforceable.  No one disputes that Christina had standing to assert this counterclaim and Matthew had the legal right to seek its dismissal.

In the 2019 order, the district court granted Matthew's motion to dismiss Christina's counterclaim, finding the restrictive condition was an unreasonable restraint on alienation and void.  In so doing, the district court issued a binding resolution as to the restrictive condition's validity.  Months later, the district court entered final judgment on Plaintiffs' complaint based on the 2019 order's findings.

Christina dedicates her briefing to the argument that the Original Plaintiffs lacked standing to sue.[3]  But the district court reached the merits question on Christina's counterclaim against Matthew.  And before Christina brought her counterclaim against Matthew, she stipulated to Matthew's realignment as a plaintiff. So at the time she brought her counterclaim, he was a plaintiff in this action.[4]

---

[3] Christina makes much of the difference between contract law and property law, and what that distinction means for standing.  She also argues that the Original Plaintiffs suffered no injury and so they lacked standing to sue.  But we decline to address these arguments here because the district court reached the merits question on Christina's counterclaim against Matthew, and the Original Plaintiffs' standing had no bearing on *that* disposition.

[4] As we explained in footnote one, we find Rule 15's guidance—on whether the realignment of Matthew as a plaintiff relates back—instructive here.  Federal Rule of Civil Procedure 15 governs whether an amendment to a pleading relates back to the date of the original pleading.  See Fed. R. Civ. P. 15(c).  And although Rule 15 does not expressly address when an amendment adding a *plaintiff* relates back, the advisory committee notes provide that Rule 15's attitude "toward [a] change of defendants extends by analogy to amendments changing plaintiffs."  See Fed. R. Civ. P. 15(c) advisory committee's notes to 1966 amendment.  So "[r]elation back . . . will be permitted unless the court finds that [the] defendant did not have adequate notice or that the new and the existing plaintiffs did not share a sufficient identity of

Moreover, Christina makes no argument that Matthew impermissibly sought dismissal of the counterclaim *she* brought.  So even if we determined the Original Plaintiffs lacked standing, that would not affect the validity of the district court's decision on the merits.  And, based on that decision on the merits, Matthew alone could have moved for entry of judgment based on the preclusive effect of the 2019 order.  For these reasons, no standing issue prevented the district court from declaring the restrictive condition unreasonable and void.

B.

Christina also argues that we must dismiss this appeal because Matthew is an indispensable party who failed to appeal his "termination" below.[5]  She also argues

---

interest."  Charles A. Wright et al., Federal Practice and Procedure § 1501 (3d ed. 2021).

Original Plaintiffs and Matthew share a sufficient identity of interest.  The facts related to Original Plaintiffs' claim and Matthew's claim are identical, as is the relief sought.  The only change to the complaint was the realignment of Matthew as an involuntary plaintiff.  Plus, Christina moved for the district court to realign Matthew as a plaintiff and she stipulated to his addition to the complaint.  So we conclude the addition of Matthew as an involuntary plaintiff relates back to the date of the original complaint.

But even if it did not, after the district court realigned Matthew as an involuntary plaintiff, Matthew had standing to pursue final judgment and Christina had standing to bring a counterclaim.  So whether Original Plaintiffs lacked standing has no practical effect on the district court's ability to reach the merits of Christina's counterclaim or to enter judgment in favor of Matthew in his capacity as an involuntary plaintiff.

[5] To the extent Christina suggests Matthew should have appealed this termination, the district court resolved Christina's counterclaim in Matthew's favor.  So he had no reason to appeal and was under no obligation to do so.

8

that because Matthew was "terminated," she could not appeal the district court's ruling on her counterclaim. She is incorrect on both fronts.

True, the district court docket sheet has a notation that Matthew is "terminated." But the docket sheet has no legal effect without the order of a judge. And no judge ever ordered Matthew terminated from the case. So, at best, the notation appears to be a clerical error. See *Error*, *clerical error*, Black's Law Dictionary (11th ed. 2019) ("An error resulting from a minor mistake or inadvertence and not from judicial reasoning or determination."). Moreover, the terminated notation appeared the same day the district court resolved the merits in Matthew's favor. So the controversy was still live as to him when the district court dismissed Christina's counterclaim and declared the restrictive condition unreasonable and void. Therefore, Matthew's termination, whether an error or not, changes nothing on appeal.

Acknowledging this, we earlier entered an order adding Matthew as an appellee to this appeal's caption. And Matthew joined Original Plaintiffs' briefing, pursuant to Federal Rule of Appellate Procedure 28(i) and Tenth Circuit Rule 31.3. So Christina's argument—that Matthew is an indispensable and absent party—lacks merit.

Christina's second argument—that Matthew's termination prevented her from appealing the district court's ruling on her counterclaim—also fails. An appellant having appealed from a final judgment "is free to attack any nonfinal order or ruling leading up to it." McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1104 (10th

9

Cir. 2002) (quotation omitted).  And, as we explained above, the case was live as to Matthew when the district court ruled on Christina's counterclaim.  So Christina could have challenged all prior orders that helped bring about the final judgment—including the district court's ruling on her counterclaim—regardless of Matthew's termination.

C.

Christina next argues the district court erred by finding the restrictive condition unreasonable, void and unenforceable.  First, she argues the restrictive condition presents a permissible use restriction—not a restraint on alienation—because the grantors did not intend to restrain alienation.  Instead, she says, they merely desired that the property "be used by the family only."  Second, she argues that even if the restrictive condition is a restraint on alienation, it poses a reasonable one because the joint tenancy limits the restrictive condition's duration.[6]  Addressing each argument and finding they lack merit, we affirm the district court's conclusion voiding the restrictive condition.

Colorado's rule against unreasonable restraint "involves the determination of the validity of a future restraint on property transfer when weighed against the public policy that property should be freely alienable."  Perry v. Brundage, 614 P.2d 362,

---

[6] Christina argues Section 4.32 of the Restatement (Second) of Property supports this argument.  But Colorado has not adopted or relied on that provision, as far as we can tell.  And we decline to adopt that provision when Colorado caselaw offers sufficient guidance on how Colorado would treat a lifetime restraint on alienation here.

367 (Colo. 1980). When the parties do not dispute the facts—like the restrictive condition's language here—those facts' legal effect presents a question of law we review de novo. See Turbyne v. People, 151 P.3d 563, 572 (Colo. 2007).

1.

Christina first argues the district court ignored evidence of the grantors' intent and so it misclassified the restrictive condition as a restraint on alienation when in reality the grantors intended it to be a permissible use restriction.[7] She also argues the district court erred by not allowing her to offer testimonial evidence of the grantors' "desire[] that the cabin property be *used* by the family only."

Christina is correct that the district court could have permitted testimonial evidence about the grantors' intent, but it was under no obligation to do so. See Peck v. Hoff, 660 F.2d 371, 374 (8th Cir. 1981). And here it did not need to do so because the 2007 deed speaks for itself on this issue and presents no need for parol evidence. In analyzing the restrictive condition's plain language, we agree with the district court that it constitutes a restraint on alienation—not a use restriction.

Use restrictions "regulate the manner in which [property] shall be used and occupied." Fusha v. Dacono Townsite Co., 153 P. 226, 226 (Colo. 1915). And "[c]lassic restraints [on alienation] generally place a limitation upon the owner's right to sell the property to a third person." See Perry, 614 P.2d at 367. So a deed's

---

[7] Because we conclude the restrictive condition does not constitute a use restriction, we offer no opinion on the permissibility of use restrictions in Colorado.

11

plain language can show whether that provision constitutes a use restriction or restraint on alienation.[8]

Here, the restrictive condition reads:

If either Joint Tenant, without the written consent of the other, attempts to: a) partition the property, or b) convert this joint tenancy into a tenancy in common with respect to any interest conveyed by this Warranty Deed or other interest in the Property currently owned or subsequently acquired by such Joint Tenant, then the Property shall, by operation of law, revert to the other Joint Tenant in fee simple immediately without requirement of judicial intervention or further legal conveyance.

Unlike the provision in Reishus, which the Colorado Court of Appeals found to be a use restriction on visitation, 409 P.3d at 439, nothing in the restrictive condition mentions use—either by third-parties or by the joint tenants. Instead, the restrictive condition, by its plain language, limits Matthew and Christina's ability to partition the property or convert their joint tenancy. It therefore poses a restraint on alienation, not a condition on use.

2.

---

[8] See, e.g., Reishus v. Bullmasters, LLC, 409 P.3d 435, 439 (Colo. App. 2016) (noting that a contract provision reading, that "no guests of an Owner may visit the Ranch unless accompanied by an Owner" unless otherwise approved by 7/12 of the ownership interests, constituted a use restriction on visitation); Buick v. Highland Meadow Estates at Castle Peak Ranch, Inc., 21 P.3d 860, 863 (Colo. 2001) (finding a covenant reading, "[a]ll lots shall be used exclusively for single-family dwellings which shall not exceed two residences (a primary and a secondary residence)," constituted a use restriction); Judd v. Robinson, 92 P. 724, 725–726 (Colo. 1907) (noting that a clause reading "[a]nd also for the further consideration of the agreement between the parties hereto, for themselves, their heirs, successors, and legal representatives, that intoxicating liquors shall never be manufactured, sold, or otherwise disposed of, as a beverage, in any place of public resort in or upon the premises hereby granted, or any part thereof" constituted a use restriction).

Christina next argues that even if the restrictive condition is a restraint on alienation, the restraint is not unreasonable because of its limited duration. But based on our review of Colorado law, and the law of other jurisdictions that have addressed similar restrictive conditions, we predict Colorado would find the restrictive condition to be an unreasonable restraint on alienation.

Neither party disputes that the 2007 deed conveyed fee simple ownership to Christina and Matthew as joint tenants with the rights of survivorship. And "[i]t is a well established principle that where an estate in fee simple is granted, a condition that the grantee shall not alien the land is void." Cronk v. Shoup, 197 P. 756, 757 (Colo. 1921) (quotation omitted). This rule exists with the aim of "keep[ing] property freely alienable." Atchison v. City of Englewood, 463 P.2d 297, 301 (Colo. 1969).

Christina acknowledges that conveyances prohibiting an owner from alienating land without first obtaining a third person's consent are generally void. See W.W. Allen, Annotation, Validity of Restraint, Ending Not Later Than Expiration of a Life or Lives in Being, on Alienation of an Estate in Fee, 42 A.L.R.2d 1243 § 8[a]–[b] (1955). But, she argues, an exception exists for joint tenancies if the restraint on alienation is limited in duration. See Feit v. Richards, 53 A. 824, 825–26 (N.J. Ch. 1902); Crawford v. Solomon, 95 So. 686, 688 (Miss. 1923) (noting the court's belief that public policy does not "forbid placing a limitation upon alienation during the life of a particular person").

13

Relying on these authorities, Christina argues that because the 2007 deed conveyed interests in joint tenancy with rights of survivorship, the restrictive condition restricts alienation only for a limited time—either her or Matthew's lifetime—and so it is not void. But the weight of authority does not support Christina's argument.[9] And even if it did, Christina's argument would still fail because the Colorado Supreme Court has held that a lifetime restraint on alienation is void. See Atchison, 463 P.2d at 301. And the court has additionally held that it is "indisputable under Colorado law that one joint tenant may unilaterally dissolve [his] survivorship interest by creating a tenancy in common in lieu of a joint tenancy." Taylor v. Canterbury, 92 P.3d 961, 962 (Colo. 2004).

The Colorado Supreme Court's decision in Atchison is particularly compelling. There, in discussing restraints against alienation, the Court offered the following example of a void restraint—

---

[9] See Vinson v. Johnson, 931 So.2d 245, 249 (Fla. Dist. Ct. App. 2006) ("[A] restriction on the right to partition property might be valid if it were effective only for a limited time. . . . But American courts have generally followed the rule that a restraint on alienation is unreasonable if it exists for the lifetime of the grantee or devisee." (citing 61 Am.Jur.2d Perpetuities, Etc. § 102 (2002))); Williams v. Williams, 73 S.W.3d 376, 379 (Tex. App. 2002) (holding that a conveyance—prohibiting the alienation of property unless all living children provided written consent to the sale—was void and unenforceable); Davis v. Geyer, 9 So.2d 727, 730 (Fla. 1942) ("A condition to alien only to a particular person or persons is void, or that land devised to a number of persons shall not be divided or sold during the lifetime of the grantee."); Clark v. Clark, 58 A. 24, 25 (Md. 1904) (holding that a will restraining alienation by any child of a shared estate for ten tears was a restriction "upon the method of alienation and enjoyment of the absolute estate . . . [and] was contrary to the policy of the law and therefore inoperative and void").

14

> A conveys land to B in fee simple with the provision that if B *during his lifetime* shall convey or attempt to convey it the land shall become the property of C in fee simple.

Atchison, 463 P.2d at 301 (emphasis added). The court explained that the conveyance violated the rule against restraints so that B obtains a fee simple absolute. Id. Christina argues this case differs from Atchison because this case involves a joint tenancy with a right of survivorship. But her distinction is not persuasive, because the practical result remains the same—the grantors are preventing Matthew and Christina from alienating the cabin during one another's lifetime and if either does, that person's interest will revert to the other sibling. Because the Colorado courts would reject Christina's arguments, we conclude the restrictive condition constitutes an unreasonable restraint on alienation and is void.

### D.

We review a district court's interpretation and application of a statute of limitations de novo. Barnes v. United States, 776 F.3d 1134, 1139 (10th Cir. 2015).

Christina moved for summary judgment arguing that either Colo. Rev. Stat. Ann. § 38-41-111 or § 13-80-102(1)(i) time barred Plaintiffs' original complaint. The district court found no statute of limitations period applied because the restrictive condition was void at its inception and thus never had any legal effect.

On appeal, Christina claims the district court erred because it ruled on the merits of the case—by finding the restricting condition void—before addressing the statute of limitations issue. In doing so, she says, the district court impermissibly put the cart before the horse. But Christina offers no authority prohibiting a district court

15

from examining an instrument's contents when deciding what statute of limitations, if any, applies.  And the authorities of which we are aware not only permit such a review, but compel it because whether any statute of limitations applies depends on whether an instrument is void.[10]  See, e.g., Lake Canal Reservoir Co. v. Beethe, 227 P.3d 882, 884 (Colo. 2010) (finding that a deed was "void and therefore not subject to the statute of limitations").  So the district court permissibly considered the whether the restrictive condition was void when deciding whether a statute of limitations barred Plaintiffs' claim.

Although Christina argues other jurisdictions have held that statutes of limitations apply to void deeds, we remain unpersuaded.  True, the California Court of Appeals concluded that instruments void from their inception *are* subject to a statute of limitations.  See Walters v. Boosinger, 205 Cal. Rptr. 3d 895, 904 (Cal. Ct. App. 2016).  But Colorado courts have rejected that position.  See Lake Canal Reservoir, 227 P.3d at 886 ("[T]he statute of limitations will not apply where the tax deed is void, as a void deed gives the statute nothing for the statute to operate on." (quotation omitted)).  And the weight of authority from other jurisdictions supports

---

[10] See also Riverside Syndicate, Inc. v. Munroe, 882 N.E.2d 875, 878 (N.Y. 2008) (noting that the six-year statute of limitations for contract actions "does not make an agreement that was void at its inception valid by the mere passage of time"); MZRP, LLC v. Huntington Realty Corp., No. 35692, 2011 WL 12455342, at *4 (W. Va. Mar. 10, 2011) (finding a tax deed void and explaining that no statute of limitations applies to void deeds); Thompson v. Ebbert, 160 P.3d 754, 757 (Idaho 2007) (finding a lease void and explaining that "[b]ecause the lease agreement was void ab initio, it could be challenged at any time"); Moore v. Smith–Snagg, 793 So.2d 1000, 1001 (Fla. Dist. Ct. App. 2001) (per curiam) ("[T]here is no statute of limitations in respect to the challenge of a forged deed, which is void *ab initio*.").

the conclusion that a statute of limitations does not "give protection to a person in possession under a deed void upon the face of it." Moore v. Brown, 52 U.S. 414, 425 (1850). So because the 2007 deed's restrictive condition was void from its inception, we affirm the district court's conclusion that no statute of limitations barred entry of declaratory judgment.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge