No. 18,528.

COLORADO STATE BOARD OF PUBLIC WELFARE, ET AL. *v.*
RICHARD HENRY CHAMPION.
(348 P. [2d] 256)

Decided January 11, 1960.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. GAIL F. OUREN, Assistant, Mr. A. STERLING GILBERT, County Attorney, Gilpin County, for plaintiffs in error.

Mr. EDWARD B. ALMON, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

WE will refer to the plaintiffs in error as the Department and to defendant in error by name.

This action was presented to the trial court on stipulated facts for it involves only a question of law. This question is the determination of the validity of a regulation promulgated by the State Department of Public

Welfare pursuant to power conferred by C.R.S. '53, 101-1-2. The portion of the regulation under attack is entitled Section 4214, V, (1) and (2) of Colorado State Department of Public Welfare Manual, Vol. IV, Standards and Procedures.

The trial court determined the regulation to be void and contrary to the statute above referred to, and by its decision voided and held as of no effect two decisions of the Department rendered pursuant to such regulation wherein Champion was denied an old age pension and ordered to refund payments made to him in excess of the amount the Department held to be allowable to him as an old age pension recipient.

The regulation which the State Board urges this court to sustain provides as follows:

"V. INCOME LIMITATIONS.

"1. The amount of net income in the month either in cash or in kind any recipient shall receive, must be deducted from the maximum payment as established by the State Department. If greater than the maximum payment as established by the State Department, no pension may be paid.

"2. Income of spouse. If the spouse of a recipient of OAP has a net cash income per month of more than the maximum payment as established by the State Department per month, the County Department must deduct from the recipient's grant that portion of the net cash income in excess of the maximum payment as established by the State Department.

"In determining, however, the amount of the deduction to be made from the OAP award, the budgetary needs of legal dependents, 1/, (other than the recipient and spouse) in the household may first be deducted from the net cash income of the spouse. The budgetary requirements of the legal dependents are to be computed according to Volume IV, Section 4205.

"If a spouse of an Old Age Pension recipient has a net

cash income per month in excess of the maximum payment as established by the State Department, and actually pays for hospitalization, convalescent, nursing or medical care for the Old Age pension recipient, *the amount of such care paid may* be considered as an allowable deduction from the net cash income of the spouse before deduction is considered from the Old Age Pension Award.

"Under no circumstances is the above procedure applicable to an OAP recipient, since all net income over the maximum payment as established by the State Department per month must be deducted from the recipient's award.

"1/ Under Colorado law, legal dependents are: Father, grandfather, mother, grandmother, child, grandchild, brother, sister."

It was stipulated that Champion's wife was regularly employed at a monthly salary in excess of the maximum payment as established by the Department. At the time of the hearing the payment to a recipient of an old age pension was $100 per month. Pursuant to the regulation, half of the wife's net cash income was apportioned to Champion, and since that was more than $100, he was held not to be entitled to the pension.

QUESTION TO BE DETERMINED.

*Is Section 4214, V, (2) of Colorado State Department of Public Welfare Staff Manual, Volume IV, Standards and Procedures, as drafted and enforced by the Department, a proper exercise of the rule-making power conferred upon the State Department by C.R.S. '53, 101-1-2?*

This question is answered in the negative.

■ Before discussing this answer, however, we set at rest at the outset any fears that, as a proposition of law, the income of a spouse of an old age pension recipient is not the proper subject of inquiry of the Department. On the contrary, by constitutional amendment, Article XXIV, section 6 (b) (chapter 191, Session Laws of Colorado 1957) and by statutes enacted pursuant

thereto, particularly C.R.S. '53, 101-1-7 and 101-1-10, an old age pension recipient is chargeable with and shall have deducted from his pension any income receivable whether in *cash or in kind*. Therefore, an applicant living with an employed spouse or with a spouse of ample means who is sharing family necessaries for which the income of such spouse would be chargeable can be said to be receiving income in kind. The value thereof can be determined and the amount deducted from any pension to which the recipient may be entitled. Thus one who is sharing in or having paid for him shelter, taxes, interest, repairs, property insurance, water, fuel, gas, electricity, ice, telephone, food, medicines, household equipment, and other incidentals normally necessary to every-day existence, through the income of a spouse, is in no position to claim that receipt of such benefits is outside the realm of inquiry of the Department.

The regulation, however, as drawn, offends in two particulars. First, it is the usurpation of a legislative function by attempting to define, wholly outside of the law and under no corresponding statutory authority, the net cash income of a spouse over whom the Department has no jurisdiction. By regulation, to which the Department has given the force of law, it has determined that certain items which properly might be chargeable against the income of the spouse are entitled to no consideration. In addition, the Department, as it must, while recognizing that there are certain dependents who, in law, might have some claim to support from the spouse whose income is the subject of scrutiny, has by this regulation set an arbitrary limit grounded upon another of its own regulations as to the amount such spouse may be allowed to contribute to dependents without regard to the factual situation in each case. Thus in an investigation to determine the income of the family unit, the spouse is precluded, by force of this regulation which arbitrarily sets the ground limits, from showing his or her actual "take-home" pay. In the instant case

Mrs. Champion had slips representing the actual amount of money she received as salary. These were tendered at the hearing. Because they varied from the figures produced by the Department investigator, obtained from the payroll records of the employer, they were rejected. The discrepancy was accounted for by the fact that the employer gave the gross pay figures whereas Mrs. Champion's figures were after withholding and social security taxes. Although not claimed in this case, it is to be noted that items chargeable against the income, such as compulsory group health and accident insurance, blue cross, or other types of employee benefit plans, also are excluded by the regulation. We point out that a regulation cannot be substituted for facts required by statute to be ascertained.

A reading of the pertinent statutes, C.R.S. '53, 101-1-2, 101-1-7, 101-1-9, 101-1-10, indicates the requirements of an investigation and *determination from the evidence* (where a hearing is held) of the income or property *of the applicant* and *the support,* if any, *that the applicant is receiving from any source.* By the regulation the Department makes, in every case, a fixed calculation of the income of the spouse, less limited deductions, and then substitutes this for evidence without regard to the variable circumstances that might be present in each case. In the two hearings granted in the case at bar the evidence received was the payroll records obtained from the employer of Mrs. Champion. It seems to us that the production of records of the gross earnings of one other than the OAP applicant and nothing more falls far short of evidence to establish the amount, if any, to be deducted from the pension of the applicant. At the hearings the spouse complained that she had been subject to heavy medical expenses of her own, and the record shows that she had several long lay-off periods due to illness. The Department, in all fairness, offered to take these bills into consideration in its computation if the spouse would obtain verified statements from the

persons to whom the payments were made. This offer on the part of the Department was a proper one, but since it was contrary to the regulation itself which limits such payments to the old age recipient, the attorney for the' spouse declined to produce the bills and elected to test the regulation as drawn. It was on the limited issues as presented that the trial court made its findings that the regulation was void and of no effect.

Concluding, as we do, that the Department might have made an investigation, adequate to determine the status of Champion with respect to his pension eligibility, pursuant to the provisions of the statute and without reference to the regulations promulgated, we think the matter should be referred back to the Department for further proceedings, and the judgment of the trial court should, to that extent, be modified. Therefore, the judgment holding the departmental regulation, Section 4214, V, (1) and (2) void and of no force and effect is affirmed but is ordered modified to the extent that the trial court is directed to refer the matter back to the State Department of Public Welfare for a determination of the allowable pension, if any, or the refund due to the State Department, if any, as calculated in harmony with the views herein expressed.