No. 18,914.

William Flavell *v.* Department of Welfare, City and County of Denver, et al.

(355 P. [2d] 941)

Decided October 10, 1960.

204

Messrs. HENRY & KEATING, for plaintiff in error.

Mr. JOHN C. BANKS, Mr. FRANK A. ELZI, Mr. ROBERT G. HOGHAUG, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE DAY.

THIS is an action by the Denver Department of Welfare to recover the unpaid balance on a promissory note executed by William Flavell. In 1955 the Department charged Flavell with the receipt of old age pension payments during a period in which his personal assets exceeded the maximum $750.00 then allowed. The note was given, under protest, to settle this claim and to provide for repayment of the amount in monthly installments.

The Department's complaint set out the details of the note, alleged that Flavell had refused to make payments as agreed upon, and prayed for judgment on the full value of the note. Flavell's answer alleged partial payment and admitted his refusal to make additional payments on the note. The answer further stated, as an affirmative defense, that the note was void because: 1. It was signed under duress, and 2. it was given without consideration on the part of the Department. As to failure of consideration, Flavell alleged in his answer that the Department exceeded its authority when it imputed one-half of the assets of Flavell's spouse to him; that the note is void, and that the orders denying the pension and demanding repayment are void. The answer further admits that Flavell appealed the Department's ruling to the State Department of Welfare, but was refused relief by that body. The counter-claim prayed for the relief of cancellation of the note and the return of the $80.00 paid on the note while the case was before the State Department of Welfare.

Prior to trial, the Department moved for judgment on the pleadings on the following grounds: 1. The defendant has admitted the execution of the note and his refusal to pay, and 2. the defendant did not pursue appellate review of the Department's orders denying his eligibility, and such orders are therefore not open to collateral attack. The trial court granted the motion, without stating its reasons, and entered judgment for the full amount of the note.

The one question to be resolved is: Did the trial court err in granting the motion for judgment on the pleadings? This question is answered in the affirmative.

Apparently it was the ruling of the court that the orders of the Department could not be collaterally attacked and that there remained no issues to be tried. This was error.

The answer of defendant Flavell sufficiently raises the issue of the invalidity of the Department's directive declaring him ineligible to receive a pension and ordering him to repay the pension money already given him. This goes to the question of whether the Department acted within the powers granted to it by statute. If the allegations are true, as they are presumed to be for purposes of the motion, then the Department has simply presumed that every person owns one-half of his spouse's assets. The answer alleged the wife had $1705 of which $852.50 had been charged to Flavell. We know of no rule of law, statute or otherwise, which permits the Department to indulge in that presumption. The language of the Old Age Pension Law deals with the *assets of the pensioner* as determining his eligibility. C.R.S. '53, 101-1-6.

A hearing on the facts, indulging in no presumption of equal ownership, might elicit evidence showing that half or even more of the assets owned by one spouse in fact belong to the other, but in the absence of such determination, the rule in Colorado is that one spouse may and can own property, separate and apart

from the other. In a recent case, *Colorado State Board of Public Welfare v. Champion,* 141 Colo. 375, 348 P. (2d) 256, we had occasion to discuss C.R.S. '53, 101-1-7, relating to the amount of net income from whatever source, either in *cash or in kind* to be deducted from a pension. That section, however, deals with income and does not apply to the ownership of property.

█ While we agree with the Department's argument that a determination by an administrative board becomes as final as a judgment, we also note that the judgment of a court which has exceeded its jurisdiction is void and can be collaterally attacked at any time. *Davidson Chevrolet v. Denver,* 138 Colo. 171, 330 P. (2d) 1116. It follows that a collateral attack may be made here for "acts or orders [of administrative officers or agencies] which do not come clearly within the powers granted or which fall beyond the purview of the statute granting the agency or body its powers [such orders] are not merely erroneous, but are void." * * * "They [officers or agencies] are without power to act contrary to the provisions of the law or the clear legislative intendment, or to exceed the authority conferred on them by statute." 73 C.J.S., Public Administrative Bodies and Procedure, §59, pp. 383-84. And see *Liebhardt v. Tasher,* 132 Colo. 554, 290 P. (2d) 1107.

Since the pleadings properly raise the issue that the Department order and note are void, the trial court should have denied the Department's motion and proceeded to hear this issue.

Several other points have been raised by the parties in their argument before this court. We note that they are either issues of fact or new points not ruled upon by the trial court. Accordingly, we decline to pass upon them at this time.

The judgment is reversed and the cause remanded for trial.

Mr. Justice Hall and Mr. Justice Frantz concur.