Mr. Justice Erickson
delivered the opinion of the Court.
By writ of error, The Colorado State Board of Dental Examiners seeks to have this court reverse an order of the District Court, which was mandatory in form and directed The Colorado State Board of Dental Examiners to issue to Harry L. Schroeder a license to practice dentistry in the State of Colorado.
On three or more occasions, Dr. Harry L. Schroeder took the examination required of all applicants seeking a license to practice dentistry in the State of Colorado, and on each occasion The State Board of Dental Ex *345 aminers informed Doctor Schroeder that he had failed. In 1964, after being advised that he had received an average grade of 78.2, and that he had failed the dental examination for the third time, Doctor Schroeder petitioned The Board for review, pursuant to the provisions of C.R.S. 1963, 42-1-13. His application was summarily-denied without a hearing. Thereafter, Doctor Schroeder sought review of The Board’s action by writ of certiorari in the District Court. He alleged that he possessed all the necessary qualifications to obtain a license in Colorado and had, in fact, obtained the statutory passing grade of 80 on the 1964 examination. He further alleged that The Board had acted arbitrarily and capriciously in withholding his license.
The case was heard before the Honorable Merle R. Knous, who after conducting a full hearing, directed that The Colorado State Board of Dental Examiners conduct a new examination to determine the qualifications of Doctor Schroeder, and that the examination be conducted in accordance with the requirements of C.R.S. 1963, 42-1-12. The Board did not thereafter conduct an examination, and after an additional hearing was held, the court entered its Amended Findings of Fact and Conclusions of Law, and directed that a dental license be issued to Doctor Schroeder.
On writ of error, The Board concedes that Dr. Harry L. Schroeder made proper application, paid the necessary fees, and took the required examinations. The Board’s only contention is that Doctor Schroeder failed to obtain an average grade of 80 on such examinations as required under C.R.S. 1963, 42-1-12 (4). Various methods have been used to determine professional competency. In ■ the instant case the legislature has prescribed by statute the method for ascertaining the qualifications of a dentist. Our review, must, therefore necessarily, be limited to an interpretation of the statutory requirements for conducting a dental examination as such are defined by C.R.S. 1963, 42-1-12.
*346 The district court made these findings:
1. Doctor Schroeder is a graduate of the University of Minnesota Dental School and has served in the Army Dental Corps. He has previously been licensed to practice dentistry in Minnesota, California, and Florida, and has engaged in dental practice in Minnesota.
2. Doctor Schroeder was tested on subjects defined by statute. The examination consisted of four parts, which were described as (1) theoretical, (2) radiographic, (3) prosthetic, and (4) operative. Each of the four parts was graded separately. The final examination grade was then derived by averaging the grades for the four parts.
3. The theoretical examination and the radiographic examination were objective, and Doctor Schroeder passed those two segments of the test. Doctor Schroeder had previously been awarded an 81 by the National Board of Dental Examiners on the theoretical portion of the test, and that grade was accepted in lieu of an examination. C.R.S. 1963, 42-1-12(3). In the radiographic part of the examination, Doctor Schroeder received a grade of 85.
4. The operative and prosthetic examinations were subjective and the grades received by Doctor Schroeder and the other applicants were not uniformly adjusted. In addition, The Board Members failed to keep records of all of the subjective examinations.
5. After averaging in the grades that Doctor Schroeder received on the prosthetic and operative examinations, Doctor Schroeder’s final examination grade was found to be 78.2.
6. The plaintiff had been denied a formal hearing to review The Board action.
At the end of the hearing, the trial judge concluded that The Dental Board had acted arbitrarily and capriciously and had failed to establish that the plaintiff, Dr. Harry L. Schroeder, did not, in fact, have an average grade of 80 or more. In entering an Amended Order, the court relied on the case of York v. State ex rel Schwaid, 152 Fla. 285, 10 S.2d 813 (1943), in declaring that the *347 burden of proving that the applicant did not have the statutory grade average was on The Board of Dental Examiners, and that ■ The Board failed to sustain that burden.
In the York case, the trial court found that Doctor Schwaid was qualified in every way to practice dentistry in the State of Florida and had obtained the statutory passing grade on his test. In the instant case, however, the trial court found that the average grade of 78.2 obtained by Doctor Schroeder was, in fact, below the statutory passing grade of 80. Consequently, the York decision is inapplicable.
It is not for us, any more than it is for the trial court, to act as a super dental board. The Legislature has delegated the duty to examine applicants for a dental license to the Members of The Colorado State Board of Dental Examiners who are appointed by the Governor. The Legislature has caused the examination procedure that is to be conducted by The State Board of Dental Examiners to be defined by statute, the applicable portions of which provide as follows:
“42-1-12. Examinations — how conducted — certificates awarded to successful applicants.—
“(2) Such examination shall be oral, written, theoretical, practical, and clinical, and of such a character as to thoroughly test the qualification of the applicant to practice dentistry, and shall be taken from the following subjects: Pathology, radiology, bacteriology, treatment planning, clinical dentistry, operative dentistry, prosthetics, crown and bridge technique, orthodontia, materials in dentistry, diet and nutrition, oral hygiene and prophylaxis, preventative medicine, peridontia, anaesthesia, oral surgery, oral medicine, principles of medicine, materia medica and pharmacology, anatomy, physiology, histology, chemistry, embryology, and such subdivisions of these general subjects as relate to the practice of dentistry.
*348 “(3) The board may accept in lieu of examination upon theory subjects, the certificate of the council of the national board of dental examiners of the American dental association, evidencing the successful passing of examinations given by said council.
“(4) All examination papers, with the grades affixed thereto, shall be filed with the secretary of the board and kept for reference and inspection for a period of not less than two years. Should the applicant make a uniformly adjusted, average grade of eighty or more on such examinations, and be otherwise qualified, he shall be granted a license by the board, and shall be issued a license certificate signed by a majority of the board, including the president and the secretary.”
The records which are before us, and which were before the trial court, establish that The Board, in conducting the examination and in causing a record to be made of the examination results, failed to comply with the statute. The Board did not uniformly grade the applicants or make a record of all the grades. Nor did The Board record the grade of each applicant who took the subjective, practical dentistry examination. In many instances, the examinations bore grades which were not tied to any factual standards relating to the practical dental work which was assigned to the applicants. Instead, many of the applicants were given grades which were arbitrarily arrived at on the basis of whether the applicant was obviously passing or failing the practical dentistry examination. Other applicants were not graded on each phase of the practical examination and were given only an over-all grade.
In addition to the inadequacies associated with the examination procedures, The Board failed to comply with the provisions of C.R.S. 1963, 42-1-13 which guarantees a hearing to every aggrieved applicant.
 The guidelines provided by C.R.S. 1963, 42-1-12, afford the public protection against the incompetent who seeks to practice dentistry, while granting to every ap *349 plicant a fair and uniform basis for ascertaining whether he is qualified to practice dentistry in Colorado. The test prescribed by The State Board of Dental Examiners, if carried out in a uniform manner and with an objective and factual basis for determining the qualifications of an applicant, is valid. Therefore, we direct that The Board of Dental Examiners conduct a re-examination of Dr. Harry L. Schroeder, in the fields of prosthetics and operative dentistry, and that the grades which he obtains in the re-examination be recorded, together with a factual basis for the grades, wherever possible. All results and examination papers shall thereafter be filed with the Secretary of The Board of Dental Examiners, as required by statute. C.R.S. 1963, 42-1-12(4).
Judgment reversed and remanded with directions to The Colorado State Board of Dental Examiners to conduct a re-examination of Dr. Harry L. Schroeder in accordance with the procedures outlined in this opinion.