511 P.2d 923 (1973)
Dennis P. SHERRERD, Plaintiff-Appellee,
v.
Earl H. JOHNSON, as Executive Director of the Department of Regulatory Agencies, et al., Defendants-Appellants.
John E. VAN SUCH, Plaintiff-Appellee,
v.
Earl H. JOHNSON, as Executive Director of the Department of Regulatory Agencies, et al., Defendants-Appellants.
No. 72-134.
Colorado Court of Appeals, Div. II.
June 26, 1973.
Bruno & Bruno, Frank A. Bruno, Denver, for plaintiffs-appellees.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., William Tucker, Asst. Atty. Gen., Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
Appellees sought to be licensed by the State of Colorado as optometrists. Each satisfied the requirements of C.R.S.1963, 102-1-8, and were therefore allowed to take the optometry examination required by C.R.S.1963, 102-1-9. They took the examination and were advised that they had failed. After exhausting their administrative remedies they sought review in the district court. The court ruled that appellees had satisfied all the requirements of C.R.S.1963, 102-1-1 et seq., to obtain an optometry license and ordered that each be granted a license. The Colorado State Board of Optometric Examiners appeals. We affirm the district court.
The dispute on appeal centers upon an interpretation of C.R.S.1963, 102-1-9(2). That section provides that "[e]very person making a passing grade of seventy-five" on the optometry examination and otherwise qualified "shall be granted a license." In the test administered appellees, the board divided the exam into three separate parts and required the candidates to score at least 75 on each part. Both appellees scored below 75 on just one section and therefore, under the board's grading system, failed. In concluding that the appellees had passed the examination, the district court determined that the statute required the board to arrive at one numerical average. Therefore, it averaged the three scores which placed each appellee's score well above 75.
*924 The board argues that it is within its prerogative to administer the examination as it sees fit for the betterment of the optometry profession, and that this includes categorizing test scores. However, as is the case with any administrative agency, the board must strictly comply with its enabling statute. Flavell v. Department of Welfare, 144 Colo. 203, 355 P.2d 941. See also, Colorado State Board of Dental Examiners v. Schroeder, 174 Colo. 343, 483 P.2d 970. Here, the statute delineates all of the areas that are to be tested and provides that each candidate must score 75 on the entire examination in order to pass. It does not provide for the categorization of test scores. Therefore, the ruling of the trial court was proper.
Judgment affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.