546 P.2d 974 (1975)
The CITY AND COUNTY OF DENVER, a Municipal Corporation, et al., Plaintiffs-Appellees,
v.
Houston GIBSON, Commissioner, et al., Defendants, and
Lawrence J. Britton, Defendant-Appellant.
No. 75-021.
Colorado Court of Appeals, Div. I.
November 20, 1975.
Rehearing Denied December 26, 1975.
Certiorari Denied March 1, 1976.
*975 Max P. Zall, City Atty., Robert D. Dowler, Asst. City Atty., Denver, for plaintiffs-appellees.
Geer, Goodwin & Chesler, P. C., Edward O. Geer, Denver, for defendant-appellant.
Selected for Official Publication.
COYTE, Judge.
Defendant-appellant, Lawrence J. Britton, brings this appeal from an action instituted by plaintiffs-appellees, the City and County of Denver, et al., pursuant to C.R.C.P. 106(a)(4), in which the district court held that the Civil Service Commission (Commission) had usurped its jurisdiction and abused its discretion in directing that Lieutenant Britton be promoted to the rank of Captain in the Denver Police Department (Department). We affirm.
The circumstances which prompted this suit are as follows: On October 18, 1971, the Commission approved an "eligible register" for the rank of Captain in the classified service of the Department. Appellant was ranked in the eleventh position on the register with a score of 71.75%. Of the eleven officers ranked, all except appellant were certified for the post, and eight were subsequently appointed Captain by the Manager of Safety. On March 24, 1973, appellant petitioned the Civil Service Commission to grant him a hearing, alleging that he had been improperly ranked on the Civil Service Examination for Captain and therefore deprived of fair consideration for the post.
A hearing was conducted by the Commission, which on September 6, 1973, issued findings of fact that went unchallenged by appellees in the district court. The Commission found that Britton had been dismissed from the Department on or about November 19, 1968. Upon Britton's protesting his dismissal, a hearing before the Commission was held, and the charges were found to be without merit. His reinstatement was ordered as of August 7, 1969.
Following his reinstatement, Britton was assigned a clerical position on the midnight to 8 A.M. work shift, answering the telephone in the detective bureau. Based on the above, the Commission found that a conspiracy to punish Britton on account of his having been reinstated had developed between the then Chief of Police and certain other supervisory personnel. The Commission concluded that Britton, having served in the punishment assignment, was unable to compete fairly in either the merit or oral portions of the 1971 examination. Adjusting appellant's examination score accordingly, they determined that he should have occupied the eighth position. Since the original occupant of the eighth position had been certified and appointed Captain, the Commission ordered that Britton be promoted to Police Captain as of the date of the promotion of the candidate ranked as eighth, and that he receive all back pay, seniority, and other incidental benefits retroactive to that date.
Plaintiffs-appellees then filed this suit pursuant to C.R.C.P. 106 for review of the Commission's findings and order. The district court held in favor of plaintiffs, finding that the Commission had exceeded its jurisdiction and usurped the power and discretion of the Manager of Safety contrary to the provisions of the Denver City Charter and that the Commission's order of September 6, 1973, promoting defendant to captain was void. Defendant thereupon instituted this appeal.
Since the findings of the Commission were unchallenged in the lower court, the sole issue on appeal is whether the order of the Commission was beyond its jurisdiction and therefore void.
Administrative agencies cannot exceed the authority conferred upon them by statute. Flavell v. Department of Welfare, 144 Colo. 203, 355 P.2d 941. Furthermore, acts of administrative agencies which exceed the scope of their delegated powers are void. State of Colorado ex rel. Colorado Civil Rights Commission v. Adolph Coors Corp., 29 Colo.App. 240, 486 P.2d 43. It is incumbent upon courts of *976 law, not to stand idly by and allow the unrestricted exercise of authority not granted by statute or to permit the unjustified exercise of discretion. Colorado State Board of Nurse Examiners v. Hohu, 129 Colo. 195, 268 P.2d 401. Thus, in the instant case, regardless of the equities involved, we are bound to determine whether the authority conferred on the Civil Service Commission includes the power to order the promotion of a candidate unfairly prejudiced in his examination by the actions of his superiors.
In the recent case of Spickard v. Civil Service Commission, 31 Colo.App. 450, 505 P.2d 32, we held that employment with the Denver Police Department is governed by the provisions of the Denver City Charter. While the Commission has broad discretion in dealing with employees subject to their jurisdiction, the Commission must defer to the Charter as organic law. Spickard, supra.
The relevant provisions of the Charter create a Department of Safety which has full charge and control of the police department, Denver City Charter § A 9.1, which department shall be directed by a Manager of Safety. § A 9.2. The Police Department shall be comprised of a chief of police appointed by the mayor, and the necessary subordinate personnel appointed pursuant to Civil Service requirements. § A 9.4.
The Commission is charged with the task of controlling and conducting all examinations. § C 5.57. It is required to establish and enforce rules for the employment of members of the classified services. § C 5.58. The rules, however, only provide for open and competitive examinations as to fitness and the compilation of "eligible lists" which are to be submitted to the appointing authorities of the Police Department and from which vacancies are to be filled. § C 5.59. When a position is to be filled in the classified service, the appointing power shall make requisition upon the commission for the name of an eligible person and the commission shall certify the names of three applicants listed on the "eligible register" having the highest percentage, one of whom shall be appointed. § C 5.65. Similarly, in providing for promotions, the commission shall submit to the appointing power the names of not more than three applicants having the highest rating for each promotion. § C 5.67.
The meaning of the Charter is clear: The Commission is to conduct and supervise tests to determine fitness for appointment and promotion on the basis of merit. It is to compile a list of eligible candidates for appointment or promotion, and when requisitioned, it is to certify three applicants in order of their eligibility rank to the appointing authority. It cannot appoint, nor can it guarantee appointment or promotion to certified candidates. Ford v. Civil Service Commission, Colo. App., 534 P.2d 829. Discretion rests with the appointing authority to select one candidate from the three certified to him. As demonstrated by appellees, even if Britton had ranked first on the eligible register, and even if his name were certified by the Commission to the appointing authority, he need not ever have been appointed to the position of Captain. Since only eight vacancies for Captain existed and there were eleven candidates, under the "rule of three" it is possible that Britton would have been passed over each time his name and that of two lower ranked candidates were certified to the appointing authority.
Appellant contends that, since, in fact, prior appointments to the position of Captain were consistently made in accordance with the order of names on the "eligible register," elevating Britton to the eighth position would have necessarily resulted in his appointment as Captain. We find no statute, regulation, or case authority which would bind the appointing authority to a prior practice where discretion is specifically provided for in the Charter.
Appellant also adverts to Rules and Regulations of the Civil Service Commission, Rule IX, Sec. 3, (1969) which contains the following language:
"The persons on the list as certified shall be deemed the most fit and of the *977 highest excellence and shall be appointed or promoted in accordance with their order thereon."
Under the rule announced in Spickard, supra, where rules promulgated by the Commission are in conflict with particular provisions of the Charter, the Charter provisions are to be followed as primary and superior to the Rules. The sole remedial action within the jurisdiction of the Commission applicable to this case would have been amendment of the "eligible register" upon recognition that discrimination had been practiced, with notice to all those whose standing on the list was affected by the alteration. See Rules and Regulations of the Civil Service Commission, Rule VI, Sec. 7, (1969).
We therefore affirm the ruling of the district court that the Commission acted beyond its jurisdiction, usurping the discretionary appointive power of the Manager of Safety and thus its order of September 6, 1973, is void.
Judgment affirmed.
SMITH and STERNBERG, JJ., concur.