Lavera P. RODGERS, Alice Cloud, and Charles Burt (Joined pursuant to C.R.C.P. 20), on behalf of themselves and all other persons similarly situated, Plaintiffs-Appellees,

v.

Armando R. ATENCIO, Executive Director of the Colorado State Department of Social Services; Colorado State Department of Social Services; and Colorado State Board of Social Services, Defendants-Appellants.

No. 78–717.

Colorado Court of Appeals,
Div. II.

Oct. 11, 1979.

Rehearing Denied Nov. 29, 1979.

Certiorari Denied April 7, 1980.

Maurice Knaizer, Jeffrey Bluth, John R. Holland, Denver, for plaintiffs-appellees.

J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Henry L. Solano, Asst. Atty. Gen., Denver, for defendants-appellants.

RULAND, Judge.

Defendant, Colorado Department of Social Services and its executive director, Armando Atencio, appeal from a judgment that certified plaintiffs' suit as a class action pursuant to C.R.C.P. 23, invalidated a Department regulation, ordered retroactive home care allowance benefits to plaintiffs Rodgers and Cloud, and barred the Department from denying plaintiffs and all class members from receiving future home care allowances. Plaintiffs, as representatives of the class, cross-appeal the denial of retroactive benefits for all class members. We affirm in part and reverse in part.

The relevant facts are not in dispute. Prior to January 1, 1974, persons in Colorado who were at least 18 years of age and who were permanently and totally disabled received benefits under the AND (Aid to Needy Disabled) program. See § 26–2–119, C.R.S.1973. The AND program was established pursuant to then Title XVI of the Social Security Act, 42 U.S.C. § 1381. In that title Congress enacted a joint federal/state program under which Colorado received substantial federal funds to reimburse it for the cost of benefits and administration of this program. The benefits provided included a basic needs grant, and, where applicable, a grant for the special needs of a disabled recipient.

Section 26–2–119, C.R.S.1973, stated in pertinent part:

"(1) The amount of assistance payments which shall be granted to a recipient under the program for aid to the needy disabled shall be on the basis of budgetary need as determined by the county department, with due regard to any income, property, or other resources available to the recipient, within available appropriations, and in accordance with rules and regulations of the state department which may include the use of statistics, averages, tables, standards, and other criteria with respect to such determination of budgetary need.

(2) In computing budgetary need pursuant to subsection (1) of this section, due consideration shall, subject to available appropriations, be given to the special needs of the needy disabled recipient. Medical care payments in behalf of recipients may be provided under rules and regulations of the state department to nursing homes, intermediate care, and residential care facilities not covered by Title XIX of the social security act or the 'Colorado Medical Assistance Act.'"

Pursuant to § 26–2–119(2), C.R.S.1973, the Department promulgated regulation 4323.1 which provided for an allowance to be given to persons who would otherwise require nursing home care so that the person could live in his own home when there was a qualified person available to perform such care.

Effective January 1, 1974, Congress repealed the federal portion of the AND program and replaced it with a new program called the Federal Supplementary Security Income Act (SSI), 42 U.S.C. § 1381, et seq. The purpose of the SSI program was to provide a minimum level of support for persons who were either blind, disabled, or elderly.

As a result of the changeover, confusion arose as to the function of the AND program. In 1974 the General Assembly attempted through the Long Appropriations Bill to change AND to an aid to the temporary disabled (ATD) program. However, in Burciaga v. Shea, 187 Colo. 78, 530 P.2d 508 (1974), our Supreme Court held that the AND program could not be repealed in this manner.

In 1975 the General Assembly passed House Bill 1340. This statute substantially revised § 26–2–119, C.R.S.1973, except that subsection (2), the special needs provision, was not amended. See § 26–2–119, C.R.S. 1973 (1978 Cum.Supp.)

In addition to revising the AND program, House Bill 1340 contained the *Colorado Supplemental Security Income Act* in order to comply with federal SSI requirements. Included in this act was a provision for an optional state supplementation to the federal act. Section 26–2–205, C.R.S.1973 (1978 Cum.Supp.). Home care allowances are currently provided to SSI recipients pursuant to this statute and Department revised regulation 4323.1. House Bill 1340 also appropriated funds for both the basic and special needs provisions of AND.

In 1975, the first appropriations bill, Senate Bill 468, was passed and there was no appropriation made under that bill for the AND program. On October 2, 1975, the Department passed a resolution declaring that the Department would no longer give special needs allowances to non-SSI recipients. As a result of this action, various persons, including plaintiffs, were removed or declared ineligible for participation in the special needs portion of the AND program.

Plaintiffs Rodgers and Cloud were the original plaintiffs in this action. Prior to trial they joined Charles Burt. The trial court also certified the case as a class action under C.R.C.P. 23(b)(2).

Plaintiff Rodgers received a notice terminating her monthly benefits of $128 on March 2, 1977. She appealed this action to the Department and it was determined that, although plaintiff was medically eligible for the allowance, she would be unable to receive it because she was not receiving SSI.

Plaintiff Cloud received her notice of termination on April 23, 1976. A decision to deny the home care allowance was upheld on appeal to the Department on October 25, 1976. Plaintiff Cloud reapplied for home care allowance in February of 1977, and her application was again denied. An appeal was filed by Cloud on March 9, 1977, and subsequently denied because she was not receiving SSI.

Plaintiff Burt had been receiving a grant from AND, including home care allowance, of $160 per month. On June 15, 1977, the Department mailed Burt a notice that his benefits were being terminated as of June 30, 1977, because he was not a recipient of federal SSI benefits. Burt's benefits were not terminated, pending the outcome of the district court litigation.

I. *Certification of the Class Action*

Prior to trial plaintiffs filed a motion to certify their case as a class action. At the conclusion of the evidence, the court found that a group of approximately 295 persons did qualify as an appropriate class which met all requirements of C.R.C.P. 23(b)(2). It ordered that:

"[t]he class shall consist of all those Colorado residents who satisfy all criteria for a home care allowance and who meet the medical disability standards of the supplemental social security income program, except that they have been or will be in the future terminated, rejected or excluded from such an allowance because they are not SSI recipients."

The Department objects to this certification, arguing that, because review was sought pursuant to the Administrative Procedure Act, § 24–4–106, C.R.S.1973 (1978 Cum.Supp.), the district court was exercising appellate jurisdiction. The Department argues that class action relief cannot be requested for the first time on appeal. In the alternative, the Department contends that if class action relief is available, it should not include those class members who have not yet been aggrieved by agency action or who have not timely pursued their appellate remedies. We conclude that certification of this case as a class action was correct.

The evidence supports the trial court's finding that approximately 295 persons were terminated or rejected from the benefits or would be rejected if they applied for those benefits. All such plaintiffs possessed several common factual denominators: Each is medically eligible for the special needs allowance; each has been determined to be ineligible because of the source of certain income that each receives; and, none are SSI recipients.

The relief sought by plaintiffs is the same or substantially similar to that which would be desired by the other members of the class. Yet Department regulation 4725.2 provides that the Department has no jurisdiction or authority to determine issues of the legality of Departmental rules or regulations.

The class is so numerous as to make joinder of all members impractical. Claims of the individual plaintiffs are typical. The plaintiffs will fairly and adequately protect the interests of the class. Hence, certification of the class pursuant to C.R.C.P. 23(b)(2) was proper. And, contrary to the Department's contention, because the agency could not rule upon the substantive issue presented, there was no requirement that plaintiffs attempt to establish the class at the agency level pursuant to the Department's regulation authorizing such. Finally, given the Department's inability to rule upon the validity of its own regulations, it is unnecessary for all the class members to pursue appellate remedies prior to inclusion in the class. *See Phillips v. Klassen*, 502 F.2d 362 (D.C.Cir.) *cert. denied*, 419 U.S. 996, 95 S.Ct. 309, 42 L.Ed.2d 269 (1974).

## II. *The Department's Regulations*

The primary question on appeal is whether the statutory mandate to the Department, under § 26–2–119(2), C.R.S.1973, to consider the special needs of a needy disabled recipient when computing his or her budgetary needs includes the right of the Department to withhold special need payment. We hold that it does not.

■ Administrative agencies are legally bound to comply strictly with enabling statutes, *Sherrerd v. Johnson*, 32 Colo.App. 367, 511 P.2d 923 (1973), and the authority to regulate does not include the authority to legislate. *Big Top, Inc. v. Schooley*, 149 Colo. 116, 368 P.2d 201 (1962). Therefore, unless expressly or impliedly authorized by statute, administrative rules and regulations are without force or effect if they add to, change, or modify an existing statute. *Flavell v. Department of Welfare*, 144 Colo. 203, 355 P.2d 941 (1960); *Denver v. Gibson*, 37 Colo.App. 130, 546 P.2d 974 (1976).

■ Subsection (2) of § 26–2–119, C.R.S. 1973 incorporates subsection (1) of the same statute which mandates that special needs of all AND recipients *shall*, subject to available appropriations, be considered in calculating the budgetary needs of a recipient. Nowhere does the statute expressly or impliedly delegate to the Department the right to decline to consider special needs for AND recipients. The Department's linking of "special needs" only to SSI benefits injects a fundamental change in the legislatively decreed policy. Therefore, the Department's promulgation of revised regulation 4243.1, which in effect amends this mandatory language of subsection (2) of the statute, is void. *See Flavell v. Department of Welfare, supra.*

## III. *Retroactive Benefits*

■ The Department contends that the district court order to pay retroactive benefits to plaintiffs Rodgers and Cloud was error. Plaintiffs contend that the trial court erred in not ordering retroactive benefits to all members of the class. We conclude that no retroactive benefits may be awarded.

Pursuant to § 26–1–121(1)(a), C.R.S.1973, the General Assembly "shall make adequate appropriations for the payment of such costs [Programs contained in Title 26], pursuant to the budget prepared by the executive director [of the Department]." However, it is undisputed that in the budget requests presented to the General Assembly from fiscal years 1976–1977 and 1977–1978, the executive director requested funds *only* for the projected expense of the basic needs aspect of AND. Further appropriations for payment of these benefits were inadequate for each of the years in question with a resulting deficit in the Department's budget. Finally, payment of the special needs authorized by subsection (2) of the statute is "subject to available appropriations." There being no appropriation for this purpose, such benefits may not be awarded.

By reason of our disposition of this issue, we do not reach the other contentions of the Department in this appeal.

That part of the judgment ordering the Department to restore retroactive benefits to Rodgers and Cloud is reversed. The balance of the judgment is affirmed.

PIERCE and SMITH, JJ., concur.