Dr. Calvin M. Frazier Commissioner Colorado Department of Education 201 East Colfax Avenue Denver, CO 80203
Dear Dr. Frazier:
This opinion letter is in response to your October 13, 1981 letter, in which you inquired as to the meaning of the term "sell" as it is used in H. B. 1565, passed by the general assembly during its 1981 session.
QUESTIONS PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents four questions:
Would the term "sell" as used in the act include the right to:
1. Grant rights and convey interest for a term of years to a lessee with final reversion of the property to the school?
2. Lease the land for a long term such as 25 years, 50 years or 99 years?
3. Lease the land with rights to subordinate the lease to a construction or permanent loan for the lessor?
4. Lease the land for a long term with rights of the lessee to make improvements which at the termination of the lease would revert to the lessor?
 My conclusion to the first question is "no." The commissioner of education does not have the authority to grant rights and convey interest to the property described in H. B. 1565 for a term of years to a lessee. Because of my negative response to your first inquiry, I have not addressed your other questions.
ANALYSIS
H. B. 1565, chapter 43, Session Laws of Colorado 1981, was enacted to authorize the commissioner of education to sell certain lands in El Paso County on behalf of the Colorado School for the Deaf and the Blind and for the benefit of said school. The act states in pertinent part as follows:
 Section 1. Authority to sell real property. The commissioner of education, on behalf of the Colorado school for the deaf and the blind and upon the concurrence of a majority of the advisory board for such school, is hereby authorized to sell, by private negotiation at not less than the appraised value and on such other terms and conditions deemed appropriate by the commissioner and the advisory board, and to execute deeds of conveyance of, all, or any portion thereof, of the real property described below. . . .
It is axiomatic that state administrative agencies and officers have only those powers specifically granted to them by the legislative branch of government. 3 Sutherland, Statutory Construction § 65.01 (4th ed. 1974). Administrative agencies and officers cannot exceed the authority conferred on them by statute. Flavell v. Department of Welfare, City andCounty of Denver, 144 Colo. 203, 355 P.2d 941, 943
(1960); City and County of Denver v. Gibson,37 Colo. App. 130, 546 P.2d 974, 975 (1975). It is equally clear that grants of authority to administrative agencies and officers are to be strictly construed. 3 Sutherland, supra, § 64.01. This principle has been repeatedly pronounced by the courts in Colorado. Rogers v. Atencio, 608 P.2d 813,816 (Colo.App. 1979); Sherrerd v. Johnson,32 Colo. App. 367, 511 P.2d 923, 924 (1973).
Pursuant to H.B. 1565, the commissioner is given the authority "to sell, . . ., and to execute deeds of conveyance." The Colorado Supreme Court in Centennial Properties v.Littleton, 154 Colo. 191, 390 P.2d 471 (1965), has delineated the parameters in which a public entity, in that case the town of Littleton, can act when given the statutory authority to "sell" public property. The Town of Littleton had executed a deed of trust to certain public property with title to revert to the town at the end of ninety-nine years from the date of the deed. The court concluded that the conveyance constituted a lease and the town had no authority to enter into a lease. A discussion of the court's analysis of the case is pertinent to your inquiry. Littleton was an incorporated town and had only those powers granted to it by the general assembly. Among those powers was the power to sell and dispose of real estate and to execute deeds of conveyance. In interpreting the town's power, the court stated:
 Nothing short of a deed of conveyance is a compliance with the statute. The term "sell and dispose of" as used in this statute means to get rid of, to finish with, to fully relinquish all interest in the property, to transfer and convey the same. Rider v. Cooney, 94 Mont. 295, 23 P.(2d) 261, The Brazil, (C.C.A. Ill.) 134 Fed. (2d) 929.
154 Colo. at 203-204. The court also found it would be "idle to claim" and against public policy to allow towns and cities "to execute long term leases on property not needed for municipal purposes, to become a speculator in land values, to become a landlord and finance town expenses from rentals collected from tenants instead of `selling and disposing of' said property."Id. at 205. Similar to the town of Littleton and its officers, the commissioner of education can do nothing less than fully relinquish all interest in the Colorado School for the Deaf and the Blind property to be in compliance with the statutory authority conferred upon him pursuant to H.B. 1565.
There are also several earlier Colorado cases interpreting the authority of a public entity to sell real property. The cases concerned the extent of authority of the State Board of Land Commissioners which was empowered to sell public lands and convey to the buyer a title in fee. The board also had statutory leasing authority. However, the extent of that authority was not at issue in these cases. The issue was whether or not the board had any inherent power or authority to reserve mineral rights when disposing of state land. The courts held that the board did not have such authority. The power to sell and convey a title in fee did not encompass authority to enter into a conveyance of any other type. The board had no authority to sell less than the whole interest. Walpole v. State Board of LandCommissioners, 62 Colo. 554, 163 P. 848 (1917);Driscoll v. State, 88 Colo. 390, 297 P. 989, cert.denied 284 U.S. 620 (1917).
Although the case law cited above is dispositive of your inquiry, it is noteworthy that, in situations where the general assembly has wanted to empower public entities and their officers with the authority to lease, it has specifically enumerated this in the statutes. See, for example, C.R.S. 1973, 23-50-111, regarding the Trustees of the Consortium of State Colleges in Colorado, C.R.S. 1973, 23-30-102(2), as amended regarding the State Board of Agriculture. Additionally, the public entity is usually granted the authority to lease only for specific purposes and only upon the meeting of certain conditions. Frequently the statutes contain a maximum number of years for which such a lease may be entered. See e.g. C.R.S. 1973, 23-30-102(2); C.R.S. 1973, 23-41-104(2), C.R.S. 1973, 23-51-102, and C.R.S. 1973,23-52-107, as amended.
SUMMARY
H.B. 1565 does not empower the commissioner of education to lease the property located at the Colorado School for the Deaf and Blind. The authority to sell the property does not include the authority to lease it.
Very truly yours,
 J.D. MacFARLANE Attorney General
PROPERTY, REAL PUBLIC OFFICERS
1981 Sess. Laws, ch. 43
H.B. 1565 (1981 Sess.)
EDUCATION, DEPT. OF Administration Deaf Blind, Div. of
The authority to "sell" certain real property which is given to the commissioner of education pursuant to H.B. 1565, does not include the authority to lease said property.