Kerry L. KENDAL and Bessie M. Herrod, Plaintiffs–Appellants,

v.

Forrest CASON, in his official capacity as Executive Director of the Colorado Department of Administration; the Colorado Department of Administration; John Tipton, in his official capacity as the Executive Director of the Colorado Department of Revenue; and the Colorado Department of Revenue, Defendants–Appellees.

No. 88CA1850.

Colorado Court of Appeals, Div. IV.

March 22, 1990.

Rehearing Denied April 19, 1990.

Legal Aid Soc. of Metropolitan Denver, Anne B. Stockham and Hugh McClearn, Denver, for plaintiffs-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Antony B. Dyl,

Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge JONES.

Plaintiffs, Kerry L. Kendall and Bessie M. Herrod, appeal from the dismissal of their action challenging the state's offset of their tax refunds against their debts to the state. The trial court dismissed this action based on plaintiffs' failure to exhaust their administrative remedies prior to seeking judicial relief. We affirm.

In March 1986, the defendant state agencies offset Kendall's 1985 state income tax refund of $88.10 against her unpaid debt of that exact amount to University Hospital for outpatient services. Similarly, in April 1986, the defendant state agencies offset Herrod's 1985 state income tax refund of $385.49 against her unpaid debt of $409.71 to University Hospital for both inpatient and outpatient treatment. These offsets were taken pursuant to §§ 24–30–202.-4(3)(a)(II), C.R.S. (1988 Repl.Vol. 10A) and 39–21–108(3)(a)(I), C.R.S. (1989 Cum.Supp.).

In March 1988, plaintiffs brought this action in the district court, seeking to recover the 1985 tax refunds which they claim were illegally seized. In their complaint, plaintiffs alleged that the offsets of their tax refunds by the defendant state agencies violated the statutory scheme authorizing such offsets because their debts to the state were not reduced to judgment prior to the offsets.

Although the allegation that judgments had not been obtained is undisputed, nevertheless, before the offsets were taken, the defendant state agencies did give plaintiffs written notice of their intent to offset the tax refunds against the debts. The notices sent also advised plaintiffs of their right to an administrative hearing to contest the offsets and described the manner in which plaintiffs could request such a hearing. See § 24–30–202.4(3)(a)(II) (requiring agency to provide debtors with notice and an opportunity for an administrative hearing prior to offsets for debts less than $500); 1 Code Colo.Reg. 101–6 §§ 1.41.03 & 1.41.04 (1986) (regulations implementing such notice and opportunity for hearing require-

ments). Plaintiffs did not seek any administrative hearings regarding the offsets. See 1 Code Colo.Reg. 101–6 § 1.41.04 (1986) (providing 15–day deadline for filing request for hearing regarding offset).

The district court ruled that it lacked subject matter jurisdiction to hear the case because plaintiffs had failed to exhaust their administrative remedies in connection with the offsets and, accordingly, dismissed the action.

On appeal, plaintiffs contend that exhaustion of their administrative remedies regarding the offsets was not necessary. We disagree.

■ The general rule is that the failure to exhaust administrative remedies prior to seeking judicial relief is a jurisdictional defect. *Hoffman v. Colorado State Board of Assessment Appeals*, 683 P.2d 783 (Colo.1984). This is especially true in cases involving tax matters, and thus, if there are complete, adequate, and speedy administrative remedies available for alleged tax irregularities, a taxpayer must exhaust them. *Hoffman v. Colorado State Board of Assessment Appeals, supra.*

■ Here, since each of the debts involved was under $500, plaintiffs were given the opportunity for an administrative hearing before the offset of their tax refunds against their debts was taken, as required by § 24–30–202.4(3)(a)(II). In such an administrative hearing, plaintiffs could have challenged both the propriety of the offset procedure and the validity of the debt. *See* 1 Code Colo.Reg. 101–6 § 1.41.07 (1986) (providing that such an administrative hearing "will determine if the offset is proper and the claim is valid").

Therefore, plaintiffs' claim that the offsets violated the statutory scheme because their debts had not been reduced to judgment could have been raised at the administrative hearing, and plaintiffs could have received their tax refunds by pursuing their administrative remedies if they had prevailed at such a hearing. *See* 1 Code Colo.Reg. 101–6 § 1.41.07 (1986).

Moreover, we are not persuaded by plaintiffs' argument that whether the offsets were illegal involves an issue of statutory interpretation which can only be resolved by a court of law.

First, the issue did not involve statutory interpretation. Initially, it would have required resolution of the factual issue of whether the debts had been reduced to judgment pursuant to § 39–21–108(3)(a)(I), C.R.S. (1989 Cum.Supp.). This factual determination is within the ambit of the administrator in the hearing.

■ Furthermore, even to the extent that questions of statutory interpretation have been raised by plaintiffs' claims, such does not exempt the matter from administrative review. Even if pure questions of law are concerned, agency review of the challenged action is desirable in order to provide the court with the benefit of the agency's considered interpretation of its enabling statute. *See St. Regis Paper Co. v. Marshall*, 591 F.2d 612 (10th Cir.1979).

Moreover, review of the agency's action in offsetting plaintiffs' refunds against their debts to a state-supported hospital, measured against its enabling statutory authority, is well within the scope of its authority to determine "if the offset is proper and the claim is valid." 1 Code Colo.Reg. 101–6 § 1.41.07 (1986).

In this regard, this case is distinguishable from *Rodgers v. Atencio*, 43 Colo.App. 268, 608 P.2d 813 (1979) and *Sherrerd v. Johnson*, 32 Colo.App. 367, 511 P.2d 923 (1973), upon which plaintiffs rely. In the *Rodgers* case, this court affirmed a judgment of the trial court which invalidated a Department of Social Services regulation that had allowed the department to terminate benefits already being received by the plaintiffs. The basis for that affirmance was that the regulation, in effect, amended the statute mandating consideration of the special needs of the class of recipients to which plaintiffs belonged.

Here, at the pertinent time, the agency had taken *no action*, but had merely given notice of its intent to setoff plaintiffs' refunds against their debts to the state, along with notice of an administrative procedure for challenging the validity of the process and of the debts. Thus, unlike the plaintiffs in *Rodgers*, the plaintiffs here did not suffer an illegal act by the agency before having the opportunity administratively to challenge the validity of the agency's procedures.

Likewise, the *Sherrerd* case is distinguishable. There, the Board of Optometric Examiners ruled that plaintiffs had failed the optometry examination, having scored less than 75 on one of three parts, but averaging well above 75 on all three parts. But, inasmuch as the applicable statute simply mandated "a passing grade of seventy-five," this court ruled that, in failing the plaintiffs, the Board did not comply with its enabling statute.

Here, the agency, again, had taken no action, and presented the opportunity, pursuant to its enabling legislation and applicable regulations, for consideration of whether it might properly carry out its statutorily mandated functions. Far from being outside the scope of its inquiry, plaintiffs' claims concern precisely those issues for which the administrative remedy was statutorily fashioned. Plaintiffs simply failed to resort to those remedies.

Thus, this is not a case in which the administrative remedies were inadequate or in which complete relief could not have been obtained under the administrative remedies provided. And, since plaintiffs failed to exhaust the administrative remedies available to them which could have afforded them complete relief in this matter, the district court properly dismissed this action for lack of jurisdiction.

The judgment is affirmed.

HUME and REED, JJ., concur.