Taylor **HAWES** and Colorado Health Care Conversion Project, Appellants,

and

Kelly/Haglund/Garnsey + Kahn, LLC, and Colorado Center on Law and Policy, Attorneys–Appellants,

v.

COLORADO DIVISION OF INSURANCE; William J. Kirven, III, in his capacity as Commissioner of Insurance; Rocky Mountain Hospital and Medical Service, Inc., d/b/a Anthem Blue Cross Blue Shield of Colorado, a Colorado insurance corporation, a continuation of Rocky Mountain Hospital and Medical Service, d/b/a Blue Cross Blue Shield of Colorado, a Colorado nonprofit hospital,

medical-surgical health service corporation; Anthem Insurance Companies, Inc., an Indiana mutual insurance company; Anthem West, Inc., an Indiana stock insurance company; and Caring for Colorado Foundation, Appellees.

No. 00CA1144.

Colorado Court of Appeals,
Div. IV.

Sept. 13, 2001.

Certiorari Granted April 22, 2002. *

* Justice COATS does dot participate.

Kelly/Haglund/Garnsey + Kahn LLC, Edwin S. Kahn, Christine L. Murphy, Denver, CO, for Appellant Taylor Hawes.

Colorado Center on Law and Policy, Elisabeth D. Arenales, Denver, CO, for Appellant Colorado Health Care Conversion Project and for itself as Attorney–Appellant.

Hamil Professional Corporation, J. Lawrence Hamil, Michelle W. Stern, Denver, CO, for Attorney–Appellant Kelly/Haglund/Garnsey + Kahn, LLC.

Ken Salazar, Attorney General, Robert M. Howard, Senior Assistant Attorney General, Denver, CO; Cantilo & Bennett, L.L.P., Patrick H. Cantilo, Special Assistant Attorney General, Austin, TX, for Appellees Colorado Division of Insurance and William J. Kirven, III, Commissioner of Insurance.

Sherman & Howard, L.L.C., Frederick Y. Yu, Denver, CO, for Appellees Rocky Mountain Hospital and Medical Service, Inc., Anthem Insurance Companies, and Anthem West, Inc.

Baker & Hostetler LLP, Alfred C. Chidester, Marc D. Flink, Denver, CO, for Appellee Caring for Colorado Foundation.

Opinion by Judge NIETO.

Appellants, Taylor Hawes, Colorado Health Care Conversion Project (CHCCP) and their respective attorneys, Kelly/Haglund/Garnsey + Kahn, LLC, and Colorado Center on Law and Policy, appeal the order of William J. Kirven, III, the Colorado Commissioner of Insurance, denying their application for attorney fees and expenses in the matter of Rocky Mountain Hospital and Medical Service, d/b/a Blue Cross and Blue Shield of Colorado (Blue Cross), Plan of Conversion to a Stock Insurance Company and Application for Amended Certificate of Authority. We affirm.

In 1999, Blue Cross successfully applied to the Commissioner pursuant to § 10–16–324, C.R.S.2000, for conversion from a nonprofit corporation to a for-profit stock insurance company. The Commissioner granted Hawes and CHCCP full party status in the conversion proceedings where they were represented by their respective attorneys. As a result of the conversion process, Anthem

West, Inc., a subsidiary of Anthem Insurance Companies, Inc. (collectively Anthem), acquired all the shares of Blue Cross. The business continued under the name Anthem Blue Cross Blue Shield of Colorado.

As a part of the conversion plan and in compliance with § 10–16–324(4)(e), C.R.S. 2000, Anthem paid to Caring for Colorado Foundation (Foundation) the fair market value of Blue Cross. *See Hawes v. Colorado Division of Insurance,* 32 P.3d 571 (Colo. App. 2001). The Foundation is a nonprofit corporation created to receive and use the funds to serve the health care needs of Colorado citizens.

After the Commissioner rendered his decision on the conversion request, counsel applied for an award of attorney fees and expenses to be paid from the funds paid to the Foundation. The Commissioner denied the application after determining that he lacked authority to make such an award. It is from this denial that counsel and their clients appeal.

Appellants contend the Commissioner erred in his determination that he lacked authority to make an award of attorney fees and costs under the common fund doctrine. We disagree.

Section 10–16–324 sets forth in detail the requirements for the conversion plan and grants the Commissioner authority to approve or disapprove it. Section 10–16–324(7), C.R.S.2000, provides that the Commissioner must hold a hearing pursuant to the State Administrative Procedure Act, § 24–4–101, et seq., C.R.S.2000, before making a final decision to approve or disapprove the conversion plan.

 Review of the Commissioner's decision is by this court. Section 10–16–324(15), C.R.S.2000. Upon review, we are to determine all questions of law and interpret the statutory and constitutional provisions applicable. Section 24–4–106(7) and (11), C.R.S. 2000. We may reverse an administrative decision if the agency made an erroneous determination of law. *Committee for Better Health Care for All Colorado Citizens v. Meyer,* 830 P.2d 884 (Colo.1992).

 When the issue is a matter of law, our review is *de novo. Ginny's Kids International, Inc. v. Office of the Secretary of State,* 29 P.3d 333 (Colo.App. 2000).

 Colorado generally follows the American Rule regarding the recovery of attorney fees. That rule provides that attorney fees are not recoverable absent statutory authority, procedural rule, or contractual provision authorizing recovery. *Waters v. District Court,* 935 P.2d 981 (Colo.1997). The power to authorize an award of attorney fees in proceedings before administrative bodies is a fundamental legislative prerogative. *Mountain States Telephone & Telegraph Co. v. Public Utilities Commission,* 195 Colo. 130, 576 P.2d 544 (1978) (*Mountain States II* ).

 The common fund doctrine is an equitable doctrine recognized in Colorado law and is an exception to the American Rule. It allows attorney fees of a party, incurred for the creation or protection of a fund that has benefited others similarly situated, to be recovered from that fund. "The common fund doctrine applies when a plaintiff, either as an individual or a class representative, creates, increases, or preserves a monetary fund for the benefit of an ascertainable class of persons similarly situated." *Kuhn v. State of Colorado,* 924 P.2d 1053, 1058 (Colo.1996).

We note that no constitutional or statutory provisions specifically authorized the Commissioner to consider counsel's application for attorney fees and expenses. Article IV, section 23 of the Colorado Constitution requires that the governor appoint the Commissioner of Insurance, but it does not specify the duties or powers of the Commissioner. Section 10–1–108, C.R.S.2000, establishes the duties of the Commissioner, but it does not grant the Commissioner authority to award attorney fees under the common fund doctrine. Appellants do not argue that such specific authority exists. Rather, they rely on the Commissioner's inherent or implied power to grant their application pursuant to the common fund doctrine.

## I.

■ Appellants first argue that § 10–1–101, C.R.S.2000, should be read to empower the Commissioner to award attorney fees under the equitable common fund doctrine. We disagree.

Section 10–1–101 is a legislative declaration of policy and states in part:

> Such policy requires that all persons having to do with insurance services to the public be at all times actuated by good faith in everything pertaining thereto, abstain from deceptive or misleading practices, and keep, observe, and practice the principles of law and equity in all matters pertaining to such business.

Appellants assert that the Commissioner is a "person having to do with insurance services to the public" and that he must "practice the principles of law and equity." Therefore, appellants argue, the Commissioner has authority to award attorney fees pursuant to the equitable common fund doctrine.

The legislative declaration in § 10–1–101 expresses the general legislative intent in enacting title 10 of Colorado Revised Statutes, but it cannot be read as a grant of authority to the Commissioner to award attorney fees. The power to authorize the award of attorney fees in proceedings before administrative bodies is "generally accepted as a fundamental legislative prerogative." *Mountain States II, supra*, 195 Colo. at 134, 576 P.2d at 547. We conclude that the General Assembly did not exercise this fundamental prerogative by the enactment of the legislative declaration in § 10–1–101. This conclusion is supported by the General Assembly's specification of the Commissioner's duties in § 10–1–108, which does not grant such authority.

## II.

■ Appellants next assert that, because the Commissioner has statutory authorization to exercise other powers that are equitable in nature, he must also have equitable authority to grant fees under the common fund doctrine. Again, we disagree.

■ An agency's powers are limited to those granted to it by the legislation that created the agency. Agency actions outside the grant of authority are not merely erroneous, but are void. *Flavell v. Department of Welfare*, 144 Colo. 203, 355 P.2d 941 (1960).

Appellants point out that § 10–1–111(4), C.R.S.2000, grants the Commissioner authority to issue cease and desist orders to insurance companies under certain circumstances. Section 10–3–1108, C.R.S.2000, allows the Commissioner to order certain persons found to have engaged in unfair competition or deceptive practices to cease and desist from such acts. He is also authorized to order restitution to victims of reinsurance violations under § 10–2–911, C.R.S.2000.

While injunctions and restitution are equitable in nature, it does not necessarily follow that such specific grants of equitable authority imply a grant of other equitable powers to the Commissioner. Further, the statutory authorizations cited above are not grants of general powers. They are specific grants of authority to use equitable remedies in limited and carefully circumscribed situations. Hence, we are not persuaded that these specific grants of equitable authority imply a grant of other equitable powers.

## III.

■ Appellants also argue that the conversion statute, § 10–16–324, and proceedings thereunder are equitable in nature and that by implication the Commissioner must have authority to apply equitable remedies. We do not agree.

■ The General Assembly has granted the Commissioner broad authority to carry out his duties. *Hartford Fire Insurance Co. v. Colorado Division of Insurance*, 824 P.2d 76 (Colo.App.1991). A statutory grant of authority confers implied powers reasonably necessary for the proper exercise of the authority. *Colorado State Board of Land Commissioners v. Colorado Mined Land Reclamation Board*, 809 P.2d 974 (Colo. 1991).

While the Commissioner assumed, and we have no reason to doubt, that counsel's efforts enhanced the value of the consideration

paid to the foundation, we nevertheless conclude the authority to award attorney fees pursuant to the common fund doctrine is not reasonably necessary for the Commissioner to carry out his duties under § 10–16–324.

Section 10–16–324 provides the Commissioner with the means to see that the conversion plan did not prejudice the Blue Cross subscribers or the citizens of Colorado. Section 10–16–324(5), C.R.S.2000, permits the Commissioner to retain qualified experts such as attorneys, accountants, actuaries, and financial analysts to assist him in reviewing the proposed conversion plan. The Commissioner also has the Attorney General available as his legal counsel and advisor in carrying out his statutory duties. Section 24–31–101, C.R.S.2000.

Because the General Assembly has provided the Commissioner with the means to obtain assistance of the same nature as that provided by counsel, the assistance of counsel was not reasonably necessary for the Commissioner to perform his duties under § 10–16–324. Accordingly, we conclude that § 10–16–324 does not contain implied authority for the Commissioner to award fees and expenses under the common fund doctrine.

## IV.

Finally, appellants assert that the authority of the Commissioner is fully analogous to the authority of the Public Utilities Commission (PUC) to award fees for services deemed to have produced a common fund or common benefit. Again, we are not persuaded.

 The PUC has authority to award fees when the efforts of a party produce a common fund, *Mountain States Telephone & Telephone Co. v. Public Utilities Commission*, 180 Colo. 74, 502 P.2d 945 (1972), and when the efforts produce a common benefit, *Mountain States II, supra.* However, the authority granted to the PUC is more extensive than that granted to the Commissioner.

In *Mountain States II,* the supreme court stated that the power to authorize an award of attorney fees in cases before an adminis-

trative body is a legislative prerogative and that article XXV of the Colorado Constitution delegated legislative authority in public utility matters to the PUC. No similar grant of legislative authority to the Commissioner is provided by article IV, section 23, of the Colorado Constitution or by any act of the General Assembly. Thus, we conclude that the authority of the Commissioner is not analogous to that of the PUC in this respect.

Accordingly, we agree with the Commissioner that he lacked authority to award attorney fees and expenses here.

Because we have determined that the Commissioner did not have such authority, we need not decide whether the common fund doctrine applies in these particular circumstances.

The order is affirmed.

Judge ROTHENBERG and Judge CRISWELL,** concur.